## 13503

### BROWN v. TWEED LUMBER COMPANY *ET AL.*

(166 S. E., 401)

*Messrs. Epps & Levy,* for appellant,

*Messrs. Dinkins & Stukes* and *Lee & Moise,* for respond-
dent,

November 3, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This suit, commenced in the Court of Common Pleas for Sumter County, December, 1929, by C. W. Brown, as plaintiff, against the defendants, Tweed Lumber Company and George G. Tweed, is an action to recover damages for personal injuries and property damage the said C. W. Brown is alleged to have sustained, "resulting from an automobile collision at the intersection of State Highways Numbers 30 and 4, within the incorporate limits of the Town of Summerton, in the County of Clarendon, State of South Carolina," alleged to have been caused by the careless, reckless, unlawful, wanton, and willful manner in which the defendant, George G. Tweed, individually and as the officer and agent of the defendant, Tweed Lumber Company, drove, managed, and operated a Ford sport coupe or motor vehicle at the time and place in question in the following particulars:

"(a) In that the said motor vehicle was being driven within the incorporated limits of the Town of Summerton at a rate of speed greater than the rate permitted by the laws and ordinances of said town.

"(b) In that the defendant turned from his right of the center of the highway into the road leading to Panola and struck and collided with plaintiff's automobile.

"(c) In that the defendant failed to keep a proper lookout for other travelers upon the highway.

"(d) In that said defendant was driving at a dangerous and excessive rate of speed and an unlawful rate of speed.

"(e) In that the defendant was driving at a rate of speed in excess of forty-five miles per hour.

"(f) In that the defendant failed to avoid the said collision, or to stop said automobile.

"(g) In that the defendant was approaching a road crossing at an unlawful rate of speed and in an unlawful manner and without regard to others traveling thereon."

In their answer, the defendants denied all of the material allegations of the complaint, except as to the corporate existence of the defendant, Tweed Lumber Company, which allegation the defendants admitted. They also admitted that the said corporation had its principal place of business in the said County of Sumter and that the defendant, George G. Tweed, as alleged in the complaint, was at the time a resident of said County of Sumter and was at the time of the collision in question and at the time of the commencement of the suit an officer of the said Tweed Lumber Company, to wit, its president, and, further, admitted, in effect, that the alleged collision occurred at the time and place alleged by the plaintiff. The defendants expressly denied the specific acts of negligence charged against them as set out in plaintiff's complaint, referred to herein, and alleged, on the contrary, that the injury and damage the said C. W. Brown is alleged to have sustained "were caused and occasioned solely by the acts of negligence, willfulness and wantonness on the part of the plaintiff, in that he failed to keep a proper lookout when driving his motor vehicle at the time and place referred to in the complaint; that he failed to see the automobile of the defendants approaching; that he failed to do anything to avoid the accident, which he easily could have done by turning his car to the left, and in that he was generally careless, negligent, willful and wanton in the operation of his automobile at the time and place of the accident set up in the complaint." The defendants also interposed the plea of contributory negligence and contributory wantonness.

Before the trial of the case, the said C. W. Brown died, and Mrs. Winnie V. Brown, administratrix, widow of the said C. W. Brown, was duly substituted as plaintiff in the cause. Thereafter the case came on for trial before his Honor, Judge Thomas S. Sease, and a jury, in the said Court, the 30th day of March, 1931, which trial resulted in a verdict for the plaintiff in the sum of $500.00. Motion for a new trial, made on behalf of the defendants, being refused, from judgment on the verdict, the defendants have appealed to this Court.

The appellants appeal on six exceptions, which they present under three questions. Under exceptions 1, 2 and 3 the issue raised is, was there any evidence in the case on the question of agency to support a verdict against the defendant, Tweed Lumber Company?

This issue was raised on defendants' motion for a nonsuit, direction of a verdict, and also on motion for a new trial, which motions the trial Judge overruled, and we think there was no error in so ruling. In their answer the defendants admitted the allegations contained in Paragraph 1 of plaintiff's complaint, which paragraph contained an allegation to the effect that the defendant, George G. Tweed, was a resident of the said County of Sumter, and at the time in question, and at the time of the commencement of this action, was an officer of the said corporation, Tweed Lumber Company, to wit, its president. This is sufficient to establish agency, and there was evidence adduced at the trial of the case from which a reasonable inference could be drawn that he was acting within the scope of his agency at the time and place in question when the said collision occurred. In addition to other testimony bearing on the question, this defendant, George G. Tweed, in the course of his testimony, admitted that at the time and place of the collision he was on the way to one of the plants of the Tweed Lumber Company, located in Orangeburg County. We think the trial Judge properly submitted this question to the jury.

Appellants state the second question raised by the exceptions as follows: "Did his Honor err in charging the jury that the relation of the defendant corporation and the personal defendant is admitted to be that of master and servant, and did his Honor further err in charging the jury that the master would be liable if the agent, at the time of the delict, was promoting and furthering the business of the master?"

Appellants, in their brief, state, in effect, that this question arises under exception 4, and that the error imputed to the trial Judge, in this connection, is based upon certain instruction his Honor gave the jury in the course of his charge, which we quote herewith in connection with the further instruction his Honor gave the jury at the time on the question, as follows: "I charge you gentlemen that the relation of the defendant corporation and Tweed is admitted to be that of master and servant. I instruct you that the servant or agent, that the principal or master is liable for the negligence or wantonness of its agent or servant, if that servant is employed within the scope of his agency, that is, promoting and furthering the business of the master at the time of the alleged negligence, then he would be said to be within the scope of his authority, and the plaintiff must prove that by the preponderance of the testimony. If Mr. Tweed, at the time of the alleged negligence and wantonness alleged against him, was acting as an agent and servant for the corporation, within the scope of his agency, then the corporation would be liable for any acts of his. But if he was not acting within the scope of his agency and employment at the time of the alleged injury, then the corporation, or his master, would not be bound and you could not find a verdict against the corporation."

As pointed out above, the defendants, in their answer, admitted that the defendant, George G. Tweed, was an officer of the said corporation, to wit, its president. This, in our opinion, was sufficient authority for the trial

Judge's stating that the relation of the two defendants was as master and servant, but his Honor was careful to state at the time he was thus charging, in effect, that, in order for the master to be liable for the negligence of the servant, it must be shown that such servant was at the time in question acting within the scope of his agency and employment; that is, "promoting and furthering the business of the master at the time of the alleged negligence." Of course, in order for plaintiff to recover, it must also be established that there was a causal connection between the acts of negligence charged and the injury and damage alleged. But no question was raised in this respect. The exception raising this, the second question, stated by appellant, cannot be sustained.

The following is the third question which appellants present for the Court's consideration: "Did his Honor err in charging the jury that one is guilty of negligence *per se* where he violates a city ordinance further limiting the speed of automobiles than that provided by statute, where such ordinance was not conspicuously displayed on the highway as is required by statute, and would such conduct under such circumstances be evidence of willfulness, wantonness and recklessness?"

It is appellants' contention that this question arises under Exceptions 5 and 6, which exceptions, for the purpose of an understanding of the issue raised, we quote herewith, as follows:

"V. His Honor erred, it is respectfully submitted, in charging the jury as follows:

"I charge you gentlemen where one violates the city ordinances or a street sign, that is negligence *per se,* that is negligence in itself, and if that *per se* negligence is the direct proximate cause of the damage and injury, then the one injured by that would be entitled to recover."

"This being error, it is respectfully submitted: (1) Because his Honor therein charged the jury that violation of,

or failure to heed a street sign would be negligence *per se,* whereas this is not the law in South Carolina. (2) It was error to charge in this case that where one violates a city ordinance it is negligence *per se,* because the testimony showed that the town ordinance at the scene of the accident restricted the speed limit to fifteen miles per hour; whereas the State statute on the subject permitted a speed limit of twenty miles per hour, and disinctly provided: 'Special regulations by municipal authorities, placing further limits on speeds in certain areas, must be conspicuously displayed on the highway where the limits apply in order to be effective,' and in the present case the plaintiff introduced no testimony to show that the regulations or ordinances of the Town of Summerton were conspicuously displayed on the highway in question.

"VI. His Honor erred, it is respectfully submitted, in charging the jury the plaintiff's first request, as follows:

"You are instructed that a person operating a motor vehicle on any of the streets of the Town of Summerton is required to drive at a rate of speed not exceeding fifteen miles per hour, and if you find that the plaintiff has proven that the defendants violated this ordinance, this would be proof of negligence, such violation being negligence *per se,* and is also evidence of willfulness, wantonness, and recklessness, and if such violation be the direct and proximate cause of the injuries of C. W. Brown, deceased, then plaintiff must recover herein."

"This being error, it is respectfully submitted, because the ordinance of the Town of Summerton limiting the speed to fifteen miles per hour is and was in conflict with the Acts of legislature passed in the year 1924, and found in the Acts for that year as No. 721, which fixes a limit in populated districts at twenty miles per hour; and further provides that before the ordinances of municipal authorities can become effective limiting the speed beyond this point, the same must be conspicuously displayed on the highway where the ordi-

nances apply, and the evidence does not show any such display in the instant case."

Counsel for appellants, in their brief, call attention to the fact that their first allegation of error under the fifth exception goes out of the case, for the reason that the transcript, by order of the trial Judge, was corrected by striking out the words "street signs" (quoted in the fifth exception), and inserting in lieu thereof the words "state statute," so that when thus corrected, this part of the Judge's charge reads as follows: "I charge you gentlemen when one violates the city ordinances or a State statute, that is negligence *per se,* that is negligence in itself, and if that *per se* negligence is the direct proximate cause of the damage and injury, then the one injured by that would be entitled to recover. *Per se* negligence also applies to the answer wherein they set up contributory negligence and contributory wantonness."

Therefore the first part of the allegation of error charged under the fifth exception need not be considered.

The collision, resulting in the injury and damage complained of took place July 11, 1929, and the statutory law of this State of force at that time, governing the traffic on the highways of this State, is embodied in the Act March 26, 1924 (33 St. at Large, page 1182), as amended in Act March 10, 1928 (35 St. at Large, page 1315). Ordinances of the Town of Summerton were introduced in evidence for the purpose of showing the speed and traffic laws of that town. While the record is not absolutely clear, we assume from statement appearing in the transcript of record made by counsel for the defendants that the plaintiff introduced in evidence an ordinance which described the speed limit in that town as ten miles per hour, though this ordinance is not printed in the record, so far as we have been able to ascertain. There was, however, introduced in evidence, by defendants' counsel, an ordinance of said town passed in the year 1925, fixing fifteen miles per hour as the speed limit

in said town. So far as the record discloses, this was the ordinance of force at the time the collision in question occurred. There is printed in the record an ordinance adopted April 15, 1932, fixing the speed limit at twenty miles per hour, but this could not apply to the case at bar, for the reason that it was adopted after the collision in question occurred. This last-mentioned ordinance appears to have· been printed in the record by consent, or at least without objection by plaintiff's counsel. The statement made by defendants' counsel, to which we referred above, reads as follows:

"Mr. Levy: Some days ago Mr. Dinkins, chief counsel in this case, rang me and asked permission to introduce in evidence the city ordinance of the City of Summerton, without requiring formal proof, with reference to automobile speed limits within the incorporate limits of the· city, and naturally we consented to it. But I want to call the Court's attention to this book of ordinances in possession of the plaintiff, and I had every reason· to believe that the last ordinance would be introduced and while Mr. Tweed was being examined, I had Mr. Epps check the ordinance, and he finds that while the ordinance that was introduced in evidence presumably on the theory that it was the ordinance now in force, describes the speed limit as ten miles per hour. In the City of Summerton there has been another ordinance, which I want to offer in evidence. This is ten years later, in 1925, and if there is any subsequent ordinance we think it should be introduced.

"Mr. Dinkins: We have no objection."

It is the contention of appellants, as we understand their· position, that the ordinance of the Town of Summerton, fixing the speed limit in said town at fifteen miles per hour, passed April 13, 1925, is in derogation of the statutory law of the State, and, under the statute, in order to make such provision of the ordinance effective, the same must be conspicuously displayed on the highways where the limits

apply; and it is the further contention of appellants that this was not done in the case at bar, and that there was no proof tending to show that it was done. For this reason appellants contend, in substance, that the said ordinance was of no force and effect, and that his Honor erred in charging the jury that the violation of such ordinance was negligence *per se* and also evidence of willfulness or wantonness. In his charge to the jury, the trial Judge charged the recognized rule and law generally applicable to statutes and ordinances in such cases. If appellants thought that the jury should have been further instructed, in accordance with their contention that there was no proof of the display of proper notices of the ordinance under consideration, it was the duty of appellants to have presented a request to such effect and asked for such additional instruction. In this connection we call attention to the fact that appellants not only did not ask for further instruction on this proposition, but did not present any request to charge on any phase of the case. We also call attention to the fact that the ordinance under consideration, according to the transcript of record in the case, was offered in evidence by appellants, and we think the trial Judge was justified in assuming that appellants desired the provision of such ordinance charged, and, if appellants desired the jury to receive additional instruction than that given by the trial Judge, it was, in our opinion, the duty of appellants to have made that fact known to the trial Judge at the time of the trial before submitting the case to the jury. We may state also that there was evidence in the case tending to show that there were stop signs on both of the highways in question, both at the point of intersection and about 100 yards away from the point of intersection. As we view the case, the exceptions raising this question cannot be sustained.

All of the exceptions must be overruled, and it is the judgment of this Court that the judgment of the Circuit Court be, and the same is hereby, affirmed.

Mr. Chief. Justice Blease, Messrs. Justices Stabler and Bonham and Mr. Acting Associate Justice W. C. Cothran concur.