15021

FABIAN v. REPHAN

(7 S. E. (2d), 223)

May, 1939.

*Messrs. Hagood, Rivers & Young,* for appellant, Hyman Rephan,

*Messrs. Stoney, Crosland & Pritchard,* for respondent,

February 21, 1940.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action was originally brought by respondent in March, 1938, against Rephan's Sanitary Dairy, but since this corporation had gone out of business prior to injury to respondent, and not in existence at time the suit was commenced, an amended complaint was served by the respondent against the defendants, Hyman Rephan, trading and doing business as Rephan's Sanitary Dairy, and the Palmetto Flower Corporation, for damages for personal injuries to the respondent. This incident occurred on Meeting Street, in the City of Charleston, about 9:30 o'clock p. m., on January 29, 1938.

The plaintiff alleges in his complaint, that on January 29, 1938, when he was attempting to cross Meeting Street, in the City of Charleston, and when he (plaintiff) arrived at approximately the center of the said Meeting Street, a Ford truck bearing South Carolina State License No. H-5941

for 1938, owned by defendant Hyman Rephan (hereinafter referred to as Rephan's Sanitary Dairy) and driven, at the time, by one Joseph Pinckney as the agent and servant of the defendant Rephan's Sanitary Dairy, was proceeding South on said Meeting Street at a high and rapid rate of speed, suddenly swung out towards the point where plaintiff was standing, struck him with great force and violence, and knocked him to the pavement. As plaintiff was still lying there on the street, a Ford truck bearing South Carolina State License No. H-2987 for 1938, owned by the defendant Palmetto Flower Corporation, and driven at the time by C. Gaillard as the agent and servant of the Palmetto Flower Corporation, was proceeding north on said Meeting Street at a high and rapid and dangerous rate of speed, ran completely over the plaintiff. The result was that the plaintiff sustained serious bodily injuries, some of which are of a permanent nature. Plaintiff further alleges that his injuries were due to and caused by the joint and concurrent negligence, carelessness, recklessness, wilfulness, and wantonness of both defendants, their agents and servants, in the following particulars:

"a. In operating a motor vehicle on one of the streets of the City of Charleston at a rate greater than that allowed by the municipal ordinances of the said City, in violation of the said ordinances and in violation of the dictates of prudence and caution.

"b. In operating a motor vehicle on Meeting Street on Saturday evening when there was a great deal of traffic and a large number of pedestrians on and about the same said street at a high, rapid, reckless and dangerous rate of speed in violation of the dictates of prudence and caution.

"c. In operating a motor vehicle on a crowded thoroughfare without keeping a proper lookout and without taking proper precautions for the safety of pedestrians crossing the said street.

"d. In failing to give the right-of-way to a pedestrian who was properly crossing a street at a street intersection.

"e. In entrusting a motor vehicle to a driver who was not qualified under the laws of the State of South Carolina or the ordinances of the City of Charleston.

"f. In operating a motor vehicle in a wilful, reckless and careless manner, in violation of the Statutes of the State of South Carolina.

"g. In operating a motor vehicle on one of the streets of the City of Charleston without having the same under thorough control, in violation of the ordinances of the said city.

"h. In failing to operate the said trucks in a careful and cautious manner with due regard to the safety of pedestrians and of other vehicles in violation of the ordinances of the said city.

"i. In failing to apply the brakes or do anything to avoid striking the plaintiff when the drivers of the said vehicles saw, or by the exercise of reasonable prudence should have seen, the plaintiff directly in the paths of their said vehicles.

"j. In operating trucks on the streets of the City of Charleston which were not equipped with proper lights in violation of the ordinances of said City and the dictates of prudence and caution."

The defendant Hyman Rephan, trading and doing business at Rephan's Sanitary Dairy, in his answer denied any acts of negligence on his part and set up the defense of contributory negligence, recklessness and willfulness, alleging that plaintiff "collided with defendant's truck when he walked into the side of it."

During the trial of the case, the defendant-appellant made motions for a nonsuit and a directed verdict; these were refused by the trial Judge. The jury returned a verdict against Rephan's Sanitary Dairy in the sum of $7,000.00 actual damages and $3,000.00 punitive damages. The presiding Judge subsequently entered an order granting a new trial *nisi* unless plaintiff remitted $2,000.00 of the punitive damages awarded. The verdict for $5,000.00 found against Palmetto Flower Corporation was duly paid. Hyman Rep-

han, trading and doing business as Rephan's Sanitary Dairy, therefore, is the only appellant here.

The first question for decision by this Court is raised by Exceptions 1 and 2, which charge the trial Judge with error in refusing to grant the motions for a nonsuit and for a directed verdict, because the only reasonable inference to be drawn from the testimony was that plaintiff's injuries were proximately due to his own negligent and reckless conduct in walking into the side of appellant's truck while in an intoxicated condition. The plaintiff testified that before he started to cross the street at the time in question he looked for traffic and saw none on the south side but that when he arrived at about the middle of the street he saw a truck coming at a fast, high rate of speed and which was zigzagging every way; and that for this reason he stopped and was standing still when the truck hit him. This testimony was corroborated by other witnesses, who testified also that there was plenty of room for the truck to pass between plaintiff and the west curb but that instead of doing so it was being driven all over the street, and swerved to the left, at the point where plaintiff was standing, and knocked him down. After carefully reading testimony herein given, it is clear to us that there was sufficient evidence to take the case to the jury on the question of negligence on the part of defendant-appellant.

In *Bober v. Southern Ry. Co. et al.*, 151 S. C., 459, 149 S. E., 257, this Court said: " 'Negligence' is generally a question of fact to be determined by a jury under proper instructions from the Court, and is defined as the failure to exercise due care or that care which a person of ordinary reason or prudence would exercise under given circumstances."

The third exception imputes error to the trial Judge in his refusal to grant defendant's motion for a directed verdict, the contention here being that "the only reasonable inference to be drawn from all of the testimony was that the driver of this defendant's truck was not

acting within the scope of his employment or on his master's business at the time of the accident." The first complaint of plaintiff, third paragraph, alleged that at the time of the injury to the plaintiff herein referred to, the truck belonging to Rephan's Sanitary Dairy was "being driven by one Joseph Pinckney as agent and servant of the defendant, Rephan's Sanitary Dairy." The answer of the defendant appellant herein to that complaint admitted the first, second and third paragraphs of the complaint. Upon the trial of the case, which was had on an amended complaint and an answer thereto, the plaintiff put in evidence the first answer of defendant to the original complaint, and without objection on the part of defendant-appellant. When this allegation of fact was admitted by the defendant under oath in his verified answer, that fact alone warranted the submission of the case to the jury. *Keen v. Army Cycle Mfg. Co.,* 124 S. C., 342, 117 S. E., 531; *Brown v. Tweed Lumber Co.,* 167 S. C., 383, 166 S. E., 401; *Boling v. Clinton Cotton Mills,* 163 S. C., 13, 161 S. E., 195.

The last issue raised is: "Did his Honor, the trial Judge, err in refusing to strike the testimony of police officer Aytes who testified to a statement made by the driver of the defendant's truck immediately upon his arrest by the officer." We find that no error was committed, as contended. At the time the testimony of the police officer was offered, there was no objection thereto; however, later on, the defendant-appellant moved to strike out this testimony. This was, of course, discretionary, under these circumstances, with the trial Judge.

All exceptions are, therefore, overruled. The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.