18042

L. E. WINGET and Juretta Ann Winget, Respondents, v. WINN-DIXIE STORES, INC., and John Lloyd, Appellants

(130 S. E. (2d) 363)

154

*Messrs. Weinberg & Weinberg,* of Sumter, and *Robinson, McFaddin & Moore,* of Columbia, *for Appellants,*

*R. Kirk McLeod, Esq.,* of Sumter, *for Respondents,*

March 25, 1963.

LEWIS, Justice.

Plaintiffs instituted this action for damages alleged to have been sustained from the location and operation by the defendants of a grocery supermarket in such a manner as to constitute a nuisance and for an order perpetually restraining the defendants from using the property where the supermarket was located for a retail grocery business or for any other business purpose. The trial of the case resulted in a judgment in favor of the plaintiffs for the sum of $5,000.00, actual damages, and a denial by the trial judge of injunctive relief. From the judgment entered in favor of the plaintiffs, the defendants have appealed.

Upon the trial of the case and at the conclusion of the testimony, the defendants moved for a directed verdict in their favor upon the ground that there was no evidence that the location or operation of the supermarket constituted a nuisance. This motion was refused and the first question to be decided is whether the trial court erred in so doing.

The home of the plaintiffs is located in Sumter, South Carolina, adjacent to a grocery supermarket operated by the defendant Winn-Dixie Stores, Inc., and managed at the time of the institution of this action by the defendant John Lloyd. The supermarket began operations on October 1, 1959 and this action was instituted about six weeks later, alleging that the supermarket was a nuisance in that (1) it was located on

a lot that was not a proper location for a grocery business, (2) in the operation of the store the defendants allowed large tractors and trailers to unload produce late at night with consequent noise and glare of lights, (3) large exhaust fans were allowed to blow from the store over the lot of the plaintiffs damaging their property and adding to the plaintiffs' harassment, (4) floodlights erected upon defendants' property were permitted to cast a glaring light over plaintiffs' property destroying and disturbing the comfort and privacy of the home, (5) trash trucks and street sweepers operated on the premises at late night hours, and (6) the store attracted crowds of people, and many automobiles which caused noise and unhealthy fumes, blocked traffic and generally disturbed the peace and quiet of the neighborhood.

The plaintiffs have alleged, therefore, that the supermarket in the instant case was a nuisance because of both (1) its location and (2) the manner of its operation. In ruling upon the motion of the defendants for a directed verdict the lower court in effect held that there was no evidence to sustain the allegations that the supermarket was a nuisance because of its location, but submitted the issue to the jury as to whether the store was operated in such a manner as to cause injury or damage to plaintiffs.

We have held that the operation of a retail grocery is not a nuisance *per se*. It is a lawful business and, if the operation of the supermarket in question is a nuisance at all, it must be such by reason of its location or the manner in which it was operated. *Strong v. Winn-Dixie Stores, Inc.*, 240 S. C. 244, 125 S. E. (2d) 628. See: *Bowlin v. George*, 239 S. C. 429, 123 S. E. (2d) 528; *Peden v. Furman University et al.*, 155 S. C. 1, 151 S. E. 907.

The trial court properly ruled that the facts failed to sustain the plaintiffs' contention that the store was a nuisance because of its location. The store in question is located on East Calhoun Street along which the property had been previously zoned by the City of Sumter for retail business for a depth of 200 feet on each side thereof. The

location selected by the defendant Winn-Dixie Stores, Inc., for its store was a lot which had a depth from East Calhoun Street of 250 feet and extended back to the property of the plaintiffs. The lot on which the store is located is at the corner of East Calhoun and Baker Streets. The property of the plaintiffs is located on Baker Street immediately to the rear of the store lot. Because the lot extended 50 feet beyond the depth previously zoned for retail business on East Calhoun Street, application was made to the Zoning Board to rezone for retail business this additional fifty feet which had previously been zoned for residential purposes, so that the entire lot could be utilized by the defendants in the operation of a retail grocery. Hearings were held at which one of the plaintiffs appeared in opposition. The petition to rezone the additional 50 feet, which is immediately adjacent to the property of plaintiffs, was granted and the entire lot on which the store in question is now located was zoned for retail business and permission granted to operate a retail grocery thereon. No review of the ruling of the Zoning Board was sought. Subsequent to the foregoing action by the Zoning Board, the building for the supermarket was constructed and occupied by the defendants.

The business of the defendants is a lawful one and was located in an area which had been zoned by the City of Sumter for retail business and at a location which the Zoning Board determined to be suitable for a retail grocery. The record shows that every requirement of the municipal authorities was met in establishing the business in question, both in the location and the construction of the building. There is no evidence that the building was constructed in such manner as to interfere with the rights of others. Under such circumstances, it cannot be held that the location of the business in the area in question constituted a nuisance.

> The fact, however, that one has been issued a license or permit to conduct a business at a particular location cannot protect the licensee who operates the business in such a manner as to constitute a nuisance. 66 C. J. S. Nuisances § 17 c, p. 763; 39 Am. Jur. 486, Section 208.

Relying upon the foregoing legal principle, the plaintiffs contended that the defendants operated the supermarket in such a way as to work hurt, inconvenience, injury and damage to them, and that the testimony presented an issue of fact for the jury on this issue.

In resolving the issues relating to a private nuisance we must deal with the conflicting interests of landowners. The right of one to make such lawful use of his property as he may desire must be applied with due regard to the correlative right of the other to be protected in the reasonable enjoyment of his property. The precise limits of each are difficult to define. The problem is striking a balance as nearly as possible between their respective rights. *Young et al. v. Brown,* 212 S. C. 156, 46 S. E. (2d) 673.

An owner of property even in the conduct of a lawful business thereon is subject to reasonable limitations. In the operation of such business he must not unreasonably interfere with the health or comfort of neighbors or with their right to the enjoyment of **their property.** If a lawful business is operated in an unlawful or unreasonable manner so as to produce material injury or great annoyance to others or unreasonably interferes with the lawful use and enjoyment of their property, it will constitute a nuisance. 39 Am. Jur. 298, Section 16.

On the other hand, every annoyance or disturbance of a landowner from the use made of property by a neighbor does not constitute a nuisance. The question is not whether plaintiffs have been annoyed or disturbed by the operation of the business in question, but whether there has been an injury to their legal rights. People who live in organized communities must of necessity suffer some inconvenience and annoyance from their neighbors and must submit to annoyances consequent upon the reasonable use of property by others. *Antonik v. Chamberlin,* 81 Ohio App. 465, 78 N. E. (2d) 752; 39 Am. Jur. 326, Section 44.

Whether a particular use of property is reasonable and whether such use constitutes a nuisance depends largely upon the facts and no definite rule can be laid down for the determination of the question. As stated in 39 Am. Jur. 298, Section 16: "What is a reasonable use and whether a particular use is a nuisance cannot be determined by any fixed general rules, but depends upon the facts of each particular case, such as location, character of the neighborhood, nature of the use, extent and frequency of the injury, the effect upon the enjoyment of life, health, and property, and the like. A use of property in one locality and under some circumstances may be lawful and reasonable, which under other circumstances would be unlawful, unreasonable, and a nuisance."

In the instant case the conflict is between the rights of the plaintiffs who reside in a residential area adjacent to a district zoned for retail business and those of the defendants who operate a retail grocery supermarket in such business area. The supermarket was located in an area zoned by the City for the conduct of such business and the normal and necessary incidents to the operation thereof cannot be condemned as a nuisance.

The plaintiffs, among other things complain that (1) the store has attracted crowds of people, and many automobiles which caused noise, unhealthy fumes, blocked traffic and generally disturbed the peace and quiet of the community, and (2) trash trucks and street sweepers operated on the premises at late night hours.

In determining the respective rights of the parties in this case, it cannot be properly held that the normal traffic and noise caused by customers going to and from the supermarket would constitute a basis for declaring the operation of the business a nuisance. Of course, the purpose of the business of the defendants is to sell merchandise and in doing so to attract to their store as many customers as possible. It is a natural consequence and inci-

dent of the operation of the supermarket that there will be an increase in the number of people visiting the area.

The testimony shows that the store is operated only on week days, opening for business at 8:30 a. m. each day and never closing later that 7:30 p. m. While the record shows that the operation of the supermarket has caused an increase in the number of people and automobiles coming into the area, there is nothing to show that there was any mass entrance to or exodus from the store at unreasonable hours. On the contrary, the only reasonable inference from the record is that the traffic to and from the business was the normal traffic of patrons visiting such a grocery store over the usual business day. There is no basis for holding that the normal traffic and noise caused by customers going to and from the supermarket constituted a nuisance.

Neither do we think that the operation of trash trucks and street sweepers in connection with the removal of trash and garbage, under the facts here, can form the basis of a finding of a nuisance. The record shows that the trucks of the City of Sumter went upon the premises of the defendants to remove the trash and garbage which accumulated and that the mechanical street sweeper of the City would occasionally sweep the area surrounding the store. There is nothing to indicate that such acts were other than the usual and normal operations of the City in the gathering and removal of trash and garbage. The noise complained of from the usual operation by the City of its trash trucks and mechanical street sweepers could not be charged to the defendants anymore than, generally, their operation by the City in collecting trash and garbage at any other business establishment could be attributed to those business owners.

However, with regard to other allegations of the complaint, we think that there was some evidence requiring the submission of those issues to the jury for determination. The record shows that the defendants erected

fans on their building in connection with the air conditioning equipment. These fans were so directed as to blow against the trees and shrubbery on plaintiffs' property causing some damage and inconvenience. There was also some testimony that, at least, for a while after opening the supermarket, the floodlights on defendants' lot cast a bright glare over the property of plaintiffs until late at night so as to distrub the plaintiffs in the enjoyment of their home, that obnoxious odors were created from the garbage which accumulated at defendants' store, and that paper and trash from the defendants' garbage was permitted to escape onto plaintiffs' lot to an unusual extent. The record gives rise to a reasonable inference that such acts were not normal or necessary incidents of the operation of the business. We think that the foregoing testimony presented a jury issue and that the trial judge properly refused the defendants' motion for a directed verdict.

The defendants contend, however, that the refusal of the trial judge to grant injunctive relief precludes the plaintiffs' right to a judgment for damages. The only request for injunctive relief in the complaint was for an order "perpetually restraining and enjoining defendants from using the said, property for a retail chain grocery business or for any other business purposes." This request was withdrawn by the plaintiffs at the conclusion of the trial, and, therefore, left no demand in the complaint for an injunction. However, the trial judge considered the propriety of granting injunctive relief in connection with the possible abatement of the acts charged against the defendants in the operation of the business, and passed an order in which he stated: "After carefully reviewing the evidence submitted in this case, the Court is convinced that it does not justify the granting of injunctive relief." There was no appeal from this ruling.

Assuming that the action of the plaintiffs did not effectively withdraw all demand for injunctive relief and that the issue was properly before the trial court, the record shows that the acts which would form any basis

for damages because of a nuisance in the operation of the business have been largely, if not entirely, discontinued. It was no doubt for this reason that the court ruled that no grounds existed for the issuance of an injunction. Where the acts complained of as constituting a nuisance have been discontinued and their repetition appeared unlikely, it was proper to refuse to issue an injunction. The only purpose of an injunction would have been to restrain future acts and conduct of the defendants in the operation of the business and would not affect any right of plaintiffs to recover damages for past acts constituting a nuisance. "The abatement of a nuisance does not affect the right to recover damages for its past existence." 39 Am. Jur. 389, Section 128. The ruling of the court, therefore, that the evidence was insufficient to warrant injunctive relief did not refer to the sufficiency of the evidence to sustain a verdict for damages for past acts of the defendants.

The remaining issues arise under the defendants' motion for a new trial. It is contended that a new trial should be granted because of the refusal of the trial court to strike the testimony of the witness R. E. Graham relative to depreciation in value of the property of the plaintiffs. The witness Graham was asked to give his opinion as to the value of the plaintiffs' property before and after "the moving in of this Winn-Dixie Corporation." In answer to the question, he testified that the property had depreciated in value from about $12,000 to a value of $8,000 "by reason of the Winn-Dixie moving in this property." His testimony was directed solely to the question of the alleged depreciation in value of the plaintiffs' property from the *location* of the supermarket on the adjoining lot and not to damages that may have resulted from the manner of the operation of the business.

As previously pointed out, the location alone of the supermarket in the locality could not constitute a nuisance. The business operated by the defendants was a lawful one and located in a locality which had been zoned by the proper authorities for retail business. Under

such circumstances, a landowner could not recover for depreciation in value of his property, which resulted solely from the location of the business of the defendants in an area which had been zoned by the proper authorities for such type of business. If this were not true, then zoning ordinances would be a nullity and every person locating a business in an area zoned by the city for business use would be subject to respond in damages for depreciation in value of neighboring property solely because of the location of his business in the zoned area. As stated in 66 C. J. S. Nuisances § 19d, p. 771; "[A] use of property which does not create a nuisance cannot be enjoined or a lawful structure abated merely because it renders neighboring property less valuable. If there is no public or private nuisance created in the use of property, no recovery of damages can be allowed for the diminution in value of the property by reason of the lawful use of such property made by a near-by owner." See: *Strong v. Winn-Divie Stores, Inc., supra,* 240 S. C. 244, 125 S. E. (2d) 628.

The testimony of the witness Graham related solely to depreciation in value of plaintiffs' property because of the location in the particular locality of defendants' business and was not based upon the particular manner of operation of the supermarket in question. The testimony was irrelevant to any issue in the case and should have been stricken upon the motion of the defendants. The failure to strike the testimony of the witness Graham was prejudicial and the lower court was in error in refusing the motion of the defendants for a new trial on this ground.

The plaintiffs contend, however, that the motion of the defendants to strike the testimony of the witness Graham was properly denied by the lower court because objection was not made to such testimony at the time it was introduced. The first objection to the testimony of the witness was made at the conclusion of all the testimony in the case when, following the motion of the defendants for a directed verdict in their favor and the ruling of the court thereon, the de-

fendants moved unsuccessfully to have it stricken from the record.

While a motion to strike evidence admitted without ██ ██ objection is addressed to the sound discretion of the Court, In *re Limehouse Estate,* 198 S. C. 15, 16 S. E. (2d) 1; *Fabian v. Rephan,* 192 S. C. 483, 7 S. E. (2d) 223, we think that the failure of the trial court to grant the motion to strike the testimony in question constituted error under the circumstances of this case.

During the trial, testimony was introduced by both the plaintiffs and the defendants as to the effect of the location of the supermarket upon the value of the property of the plaintiffs. When the defendants moved for a directed verdict at the conclusion of all of the testimony, it was denied, but in denying the motion the trial judge eliminated from the case the issue as to whether the supermarket was a nuisance by reason of its location. Upon the elimination of the foregoing issue from the case, the defendants immediately moved to strike the testimony of the witness Graham since his testimony related solely to the issue of damages by reason of the location of the business. This motion was denied and the trial judge ruled that the testimony would be left in the case "for what it is worth."

At the time that the witness Graham testified, the question as to whether the supermarket was a nuisance because of its location was an issue in the case and was not eliminated until the ruling of the court on the motion for a directed verdict. The testimony did not have the effect of proving the plaintiffs' case or of making a jury question upon some factual issue. Instead, the testimony became clearly irrelevant when the trial judge eliminated the only issue to which it was directed. The testimony related to alleged depreciation in value of the property of the plaintiffs and the amount of damages sustained, and we think that it became prejudical when the issue to which it was directed was eliminated from the case. The motion to strike the testimony from the record should have been granted.

Since we have concluded that a new trial must be granted on other grounds, a consideration of the remaining question, which relates to the charge to the jury, is unnecessary.

Reversed and remanded for a new trial.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.