## 9229

## WOODS v. ROCK HILL FERTILIZER CO.

### (86 S. E. 817.)

1. APPEAL AND ERROR—ORDERS APPEALABLE—RULINGS ON MOTION FOR NONSUIT.—The rulings and orders on motions to make more definite and certain, for nonsuit and for the direction of a verdict, are not ordinarily appealable until after final judgment.

2. APPEAL AND ERROR—ORDERS APPEALABLE—RULING OF DEMURRER.— An order overruling a demurrer to the complaint on the ground that it failed to state a cause of action is appealable.

3. APPEAL AND ERROR — APPEALABLE AND NONAPPEALABLE ORDERS — DETERMINATION OF QUESTIONS RAISED.—On appeal from the over-ruling motions to make more definite and certain for a nonsuit and for the direction of a verdict, not ordinarily appealable until after final judgment, and from an appealable order overruling a demur-rer, the matters involved would be determined, in view of the fact that the reason of the rule against appeals from orders before final judgment is to prevent unnecessary delay in the trial of causes. ·

4. NUISANCE — COMPLAINT — ALLEGATION. — In an action for damages from defendant's fertilizer mixing plant near plaintiff's residence, the allegation that plaintiff's mother and sister lived with her and suffered from the odors, noises, etc., though not strictly necessary to the statement of plaintiff's cause of action, was not irrelevant thereto, because tending to show the nature and extent of plaintiff's damages.

5. NUISANCE—PUBLIC NUISANCE—PRIVATE RIGHTS AND REMEDIES.—To prevent multiplicity of actions, promote justice, and secure the pub-lic tranquility, Courts refuse to entertain private actions to remedy purely public nuisances, which may and should be remedied through the public process of indictment.

6. NUISANCE — "PRIVATE NUISANCE" — PUBLIC NUISANCE — SPECIAL INJURY.—Where a public nuisance affects some members of the public in a different manner and inflicts upon them injury of a different kind from that suffered by the general public, it is, as to them, a private nuisance for which they have the private remedy of an action.

7. NUISANCE—PUBLIC NUISANCE—PRIVATE ACTION FOR DAMAGES.—That which is *per se* or *prima facie* a public nuisance is presumed to affect all the public alike, though it may not affect all to the same extent, and one complaining of such a nuisance must allege some injury to himself differing in kind and not merely in degree from that suffered by the general public, and, if he fails to do so, shows no cause of action.

8. NUISANCE—PRIVATE NUISANCE—ACTION FOR DAMAGES—COMPLAINT— "NUISANCE PER SE"—"NUISANCE PER ACCIDENS."—A fertilizer mixing plant is not a "nuisance *per se*," that is, a nuisance anywhere and

under all circumstances, but, if a nuisance at all, is a "nuisance *per accidens,*" that is, by reason of its location and other circumstances, such as the community in which it is located or the manner in which it is constructed or conducted.

9. NUISANCE—PRIVATE NUISANCE—ACTION FOR DAMAGES—COMPLAINT.— In an individual action for damages from a fertilizer mixing plant, *prima facie* only a private nuisance, it was not necessary to the sufficiency of the complaint that it allege injury to plaintiff differing in kind from that suffered by others who may have been affected.

Before HON. C. M. EFIRD, special Judge, York, July, 1914. Affirmed.

Action by Buena Vista Woods against the Rock Hill Fertilizer Company. Judgment for plaintiff, and defendant appeals.

The material allegations of the complaint were as follows:

(1) That the plaintiff is a resident of the city of Rock Hill, county and State aforesaid, is now and has been for a great number of years the owner and in the possession of the following described real estate, on which is located her dwelling. * * *

(3) That the defendant does now, and did at the times hereinafter stated, own and control all that piece, parcel, or lot of land situated, lying, and being in the corporate limits

FOOTNOTE.—As to when a nuisance will or will not be enjoined at suit of private citizen, see *Woodstock Hardwood & Spool Mfg. Co.* v. *Charleston Light & Water Co.,* 84 S. C. 306, 317, 66 S. E. 194, and 63 S. E. 548. This case was first decided January 25th, 1909, in opinion by POPE, C. J., reported in 63 S. E. 548, but not in the official reports. GARY, A. J., concurred in the result. In May, 1909, a rehearing was granted as to the fourth and fifth exceptions, which raised questions other than that considered in this note. In November, 1909, the result announced on the first hearing, was reaffirmed, in the opinion rendered by WOODS, A. J., reported in 84 S. C. 308, 66 S. E. 194. See, also, *McMeekin* v. *Central Carolina Power Co.,* 80 S. C. 512, 61 S. E. 1020, 128 Am. St. Rep. 885; *Barksdale* v. *C. & W. C. Ry. Co.,* 83 S. C. 287, 64 S. E. 1013.

of the city of Rock Hill, S. C., on which it has erected and is operating a fertilizer plant. * * *

(4) That the plaintiff, with her sister and mother, who is now 88 years of age, reside on the lot described in paragraph 1 of this complaint, and have so resided for the last 20 years, and plaintiff has during said time made extensive improvements on said lot and building at cost of not less than $2,500, and the said property is very valuable.

(5) That the plaintiff acquired the said property and improved the buildings thereon for the purpose of a permanent home for herself, her sister, and her aged mother, and has continuously used for said purpose for the period above named; for the purpose of a home this said lot was and is particularly and peculiarly desirable, it being situated only about 300 yards from the business portion of the city of Rock Hill, S. C., on the leading and most prominent and important street easily accessible to business offices of said town, her sister being required to accept employment in an office, and, also, her mother now so old and partially blind it is impossible to now move her without serious damage to her health and without destroying the future happiness of her said mother, as her said mother, even though practically blind, is able to visit from room to room without assistance, which would be impossible should she be removed to a different home, and for the further reason that her brother, who lived with her, has just recently died, and her said mother daily visits, without assistance, the room formerly occupied by her son, and to deprive her of this privilege at her age in life would destroy the greater part of her happiness and comfort; and before the erection of the said fertilizer works hereinbefore referred to this home was quiet, and the occupants of the said home enjoyed the pure and unadulterated air, and the place was healthy.

(6) That the plaintiff has had opportunities to sell said place, but has always refused same for the principal reasons

that adjoining this said property her sister, with her family, reside.

(7) That the defendant is now and has been for the last two and a half years engaged in the business of preparing and mixing fertilizers and keeping said fertilizers and the raw material required to mix same in a warehouse, box cars, and on the platform on its lot described in paragraph 3 herein and within 300 feet of the plaintiff's home; and, in connection, plaintiff erected and has operated said plant wilfully, wantonly, and in utter disregard to the rights of this plaintiff, full well knowing and ought to know that it is completely destroying, and will eventually destroy, said home by rendering it very disagreeable, unhealthy, unpleasant, and maintaining a private nuisance, in the following particulars:

(a) Depriving the plaintiff, her sister, and her mother the use and enjoyment of pure and uncorrupted air they enjoyed before the erection of the said plant.

(b) Compelling this plaintiff, her sister, and said mother to inhale disagreeable and obnoxious odors emanating from the said raw material and fertilizers stored in and around the said plant.

(c) The dust and small particles of the material used and stored are blown by the winds on the garden of plaintiff and collects ôn the vegetation thereof, thereby ruining and destroying for eating purposes the vegetables grown therein and making the cultivation of a garden on her said premises useless, and thus depriving plaintiff of the value of the said garden, and thereby requiring her to purchase her vegetables elsewhere, an expense she was not heretofore required to incur.

(d) The noise and boisterous conduct of the employees of the said plant is such that it causes this plaintiff, her mother, and sister to be annoyed, nervous, and anxious at all times for their safety.

(e) The obnoxious odor, flying dust, and grit from said plant is such and causes so much annoyance, discomfort,

and fear of impairing the health of the occupants of said home that this plaintiff is now and does close all of the doors and windows in the rear part of said house, next to said plant, and before the erection of said plant this was unnecessary, and the plaintiff, her mother, and sister enjoyed the pure and fresh air, which she and they are entitled to.

(f) That the said flying dust and grit frequently falls upon and makes unfit for use food and other articles of diet cooked and in the process of cooking and preparing for the table.

(g) That the said odors, gases, and dust from the said plant interfere with the pleasure and the enjoyment of the said plaintiff, her mother, and sister in having guests and friends visit them, and they are, therefore, deprived of the pleasures of said guests and visitors, which they heretofore did enjoy, and have a right to enjoy unmolested.

(8) That the said defendant created and is maintaining the said fertilizer plant well knowing, or ought to know, that the home and the garden of plaintiff is being ruined and destroyed and its act of creating and maintaining same wilful and wanton and in utter disregard of the plaintiff, and although notified of said odor, etc., has failed and refused to abate same, to the damage of this plaintiff in the sum of $10,000.

(9) That the future conduct and maintenance of the said fertilizer plant at its present location will completely destroy the desirability, comfort, pleasure, quiet, and healthy condition of plaintiff's home, and the plaintiff, therefore, asks this Court do order the said nuisance abated and discontinued, so that the former condition that it was before the erection of the said plant.

Wherefore, plaintiff demands judgment against the defendant:

First. For damages in the sum of $10,000 and for the costs of this action.

Second. That the defendant be required to abate the private nuisance by moving its plant and warehouse far enough from the home of the said plaintiff that she and her family will not be affected there as herein complained.

Third. That a permanent injunction be issued against the operation or the use thereof as a fertilizer plant or warehouse on the said lot.

Fourth. For such other and further relief as to the Court may seem proper.

*Messrs. Wilson & Wilson,* for appellant, cite: *As to necessary allegations in action for private nuisance:* 30 S. C. 539; 46 S. C. 327; 48 S. C. 553; 54 S. C. 242; 83 S. C. 292. *Nuisance per accidens:* 29 Cyc. 1157-1158. *Fertilizer plant not nuisance per se:* 21 A. & E. Enc. of L., p. 686, notes 4, 6 and 7.

*Mr. John R. Hart,* also for appellant, discussed case under above cited cases.

*Mr. J. K. Owens,* for respondent, submits: *Order on motion to strike out not appealable:* 73 S. C. 13; 77 S. C. 367; 78 S. C. 562; 81 S. C. 303; 87 S. C. 247; 93 S. C. 61. *Definition of private nuisance:* 3 Blackstone Com. 216; 29 Cyc. 1152a, 1152-1153b, 1271, sec. 14; 68 S. C. 163, 178; 61 S. C. 548; 62 S. C. 18; 49 S. C. 95; 54 S. C. 248; 39 S. C. 478; 160 U. S. 926; 108 U. S. 317; 42 S. C. 409; 25 Am. St. Rep. 595; 10 Am. St. Rep. 184; 42 Am. St. Rep. 534; 1 McC. 472; 28 S. C. 23; 30 S. C. 539; 46 S. C. 327; 82 S. C. 273; 96 S. C. 342. *Any evidence presenting issue for jury:* 46 S. C. 104; 48 S. C. 421; 50 S. C. 548; 52 S. C. 580; 66 S. C. 283; 68 S. C. 184.

*Messrs. McDonald & McDonald,* also for respondent, submit: *Orders refusing motions for nonsuit and direction of verdict not appealable until final judgment:* 24 S. C. 86;

85 S. C. 82. *Nor motions to make more definite:* 74 S. C. 13; 77 S. C. 367; 77 S. C. 441; 78 S. C. 562; 87 S. C. 247. *Definitions of nuisance:* Blacks. Law Dictionary, p. 835; Joyce, Nuisances, p. 2; 2 Jaggard Torts 782; Bigelow Torts 306; 29 Cyc. 1152; 2 Cooley Torts 1174, 1298; 64 S. E. 766; 21 Am. Dec. 90; 48 L. R. A. 711, 716; 68 S. C. 163; 42 S. C. 402, 411; 83 S. C. 287; 96 S. C. 342; 96 S. C. 420. *Essentials to maintenance of action:* Enc. Pl. & Pr. 1109; 18 Minn. 176; 74 Tex. 404; 24 S. C. 39, 43; 5 Rich. 583; 3 S. C. 447. *Evidence:* 9 Enc. Ev. 12, 15.

*Messrs. Dunlap, Dunlap & Hollis,* also for respondent.

November 8, 1915.

The opinion of the Court was delivered by Mr. Justice Hydrick.

This is an action for damages alleged to have resulted to plaintiff from a nuisance (a fertilizer mixing plant, near plaintiff's residence) and to enjoin the continuance thereof. Defendant moved to strike out certain allegations of the complaint as irrelevant. The motion was granted as to some of them, and refused as to others. Defendant then interposed a demurrer to the complaint, on the ground that it failed to state a cause of action for a private nuisance, which was overruled. At the close of plaintiff's testimony, defendant moved to strike out all testimony tending to prove damages from odors, noise, dust, and sickness caused by odors or dust, and for a nonsuit, on the ground that, if there was any testimony tending to prove a nuisance, it was a public and not a private nuisance. This motion was refused. At the close of all the testimony, defendant moved for direction of the verdict, on the same grounds that it had moved for nonsuit, and that motion was refused. The jury having failed to agree on a verdict, a mistrial was ordered, and defendant appealed, assigning error in each of these rulings.

Appellee objects to the consideration of the appeal from the refusal of the Court to strike out certain allegations of the complaint and to grant the motions for nonsuit and direction of the verdict, on the ground that the rulings and orders as to those matters are not appealable, until after final judgment. Ordinarily, that is so, and the objection would be well taken, if the appeal were based solely upon such matters. The reason of the rule is to prevent unnecessary delay in the trial of causes by appeals from interlocutory orders which may have no prejudicial effect upon the final judgment. But, as the order overruling the demurrer is appealable, the reason for the rule does not apply, and it will be better for both parties in the further progress of the case to have these questions decided.

The allegation that plaintiff's mother and sister live with her and suffer as alleged, though not strictly necessary to the statement of plaintiff's cause of action, was not irrelevant thereto, because it tends to show the nature and extent of plaintiff's damages, since she has the right to have them live with her and enjoy the comforts of her home. In a like case, a plaintiff might allege injuries to his wife and children, or the keeper of a hotel or boarding house, to his guests, not to enable him to recover damages for what they suffered, but to show the nature and extent of his own damages.

As the case must go back for trial on the merits, and as any statement or discussion of the testimony by the Court might result prejudicially to one side or the other, it is sufficient to say, with regard to the motions for nonsuit and direction of the verdict, that plaintiff's testimony tended to prove the allegations of her complaint, and defendant's testimony tended to disprove them. Therefore, if the complaint stated a cause of action for a private nuisance, no doubt the learned counsel for defendant will concede that the Court was bound to let the jury decide the issues of fact.

The question of paramount importance, then, is: Did the complaint (the material allegations of which will be reported) state a cause of action for a private nuisance? Defendant's contention is, not that the facts alleged are not sufficient to constitute a nuisance, but that, if they constitute a nuisance at all, it is a public nuisance, and, therefore, the complaint is insufficient, because there is no allegation that plaintiff suffered any special or particular injury, differing in kind from that suffered by the public.

To prevent multiplicity of actions, promote justice, and secure the public tranquility, Courts refuse to entertain private actions to remedy purely public nuisances. These may and should be remedied through the public process of indictment. But the Courts recognize the fact that a public nuisance may affect some members of the public in a different manner and inflict upon them injury of a different kind from that suffered by the general public; and, when this is so, it is, as to them, a private nuisance, for which they may have the private remedy of an action. But that which is *per se,* or *prima facie,* a public nuisance, is presumed to affect all the public alike, that is, in the same manner, though it may not affect all to the same extent. Therefore, the rule is that when a plaintiff complains of that which is *per se,* or *prima facie,* a public nuisance, he must allege some injury to himself differing in kind, and not merely in degree, from that suffered by the general public; and, if he fails to state such injury, he states no cause of action, and this for the reason above stated that the Courts will not allow him to have a private remedy for that which affects all the public alike. The cases cited by appellant were cases in which the things complained of were *per se,* or *prima facie,* public nuisances, and, therefore, the rule above stated was held to apply. But the rule does not apply, and there is no reason for its application, when a plaintiff states, as his cause of action, that which is *prima facie* only a private nuisance, even though it may appear

from his complaint that a determinate number of other persons are or may be similarly affected by it, for a nuisance may affect a considerable number of persons in the same manner and yet not be a public nuisance, and, in that event, if the individuals so affected were denied the private remedy of an action, they would be without any remedy at all, because, if it is not a public nuisance, it is not subject to indictment.

Now, clearly, a fertilizer mixing plant is not a "nuisance *per se,*" that is, a thing which is a nuisance anywhere and under all circumstances. If it is a nuisance at all, it is what is called a "nuisance *per accidens,*" that is, by reason of its location and other circumstances, such as the community in which it is located, or the manner in which it is constructed or conducted. It follows that plaintiff's cause of action is based upon that which is *prima facie* only a private nuisance, and, therefore, it was not necessary to the sufficiency of her complaint that she should have alleged injury to herself differing in kind from that suffered by others who may have been affected. The complaint will be searched in vain for any allegations of fact which show that the things complained of amount to a public nuisance. The demurrer was, therefore, properly overruled.

Judgment affirmed.