PIG'N WHISTLE SANDWICH SHOPS INC. *v.* KEITH.

HINES, J. 1. The business of operating a sandwich or barbecue stand is not a nuisance per se; but it may become one per accidens. *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (141 S. E. 643).

2. In the absence of statute or ordinance prohibiting it, the business of conducting a sandwich or barbecue stand can be operated at all hours of the night, if the same is carried on in a proper manner.

3. Where the business alleged to be a nuisance is lawful and can be carried on without the injuries complained of, the defendant should not .be restrained from carrying it on at all, but should be restrained from carrying it on so as to be injurious and offensive, leaving him the right to carry it on in a proper manner. 46 C. J. 792, § 416 (15); *Georgia R. Co.* v. *Maddox,* 116 *Ga.* 64 (42 S. E. 315).

4. The court erred in granting what appears to be a permanent injunction. On the hearing of an application for temporary injunction, the judge should not grant a permanent one, but only one of an ad interim character, to remain of force until the final trial. Civil Code (1910), § 5500; *Southern Cotton Oil Co.* v. *Overby,* 136 *Ga.* 69 (70 S. E. 664); *Brown* v. *Smith,* 150 *Ga.* 111 (102 S. E. 813); *Burns* v. *Hale,* 162 *Ga.* 336 (133 S. E. 857).

5. The court erred in enjoining the defendant from carrying on his business at all during the hours named in his order granting the injunction, and in granting a permanent injunction at an interlocutory hearing. For these reasons the judgment is reversed, and the case is remanded to the court below for further action in accordance with the above rulings.

*Judgment reversed. All the Justices concur.*

No. 6827. JANUARY 23, 1929.

736

*Paul L. Lindsay,* for plaintiff in error
*Scott & Hornbuckle* and *Pat C. Herrington,* contra.