## DUNCAN *v.* CITY OF DALTON.

No. 7202. DECEMBER 11, 1929.

532

*Mitchell & Mitchell,* for plaintiff.

GILBERT, J. "The powers of a municipal corporation are limited to those expressly granted or conferred by necessary implication. The collection of a business tax on occupations which are per se useful and lawful, although the method of doing so is called a license, is quite distinct from the granting of a license, strictly so called, to conduct an occupation of an entirely different character, granted under the power of necessary police regulation and control of certain pursuits. In the former class the tax or charge is imposed for the purpose of collecting revenue; and although the mode of doing so is frequently called licensing, the real purpose is to enforce the collection of the municipal revenue. As to such occupations the municipal authorities are not vested with a discretion to grant or refuse licenses or to revoke such licenses at the will of the grantor." *Peginis* v. *Atlanta,* 132 *Ga.* 302, 303 (63 S. E. 857, 35 L. R. A. (N. S.) 716). In that case it was held that the city could not, without notice, arbitrarily revoke the license previously granted. The power is conferred upon the municipality to exercise a reasonable, and not an arbitrary discretion. *Cutsinger* v. *Atlanta,* 142 *Ga.* 555 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280); *Blackman Health Resort* v. *Atlanta,* 151 *Ga.* 507, 514 (107 S. E. 525, 17 A. L. R. 516). Duncan, the petitioner, alleges and contends that his license was revoked without due notice, thus offending the due-process clause of the constitution. He does not contend that the municipality revoked his license without going into the evidence bearing on the question; on the contrary the evidence in this case tends to show that the Mayor and Council of Dalton, before revoking the license, heard evidence on the question. It also appears that verbal notice was given to Duncan before the action of the municipality in revoking his license, and that he was present when the mayor and council acted. Since there is no provision of law regulating the precise character of notice or the length of time after notice before hearing, the judge was authorized to find that Duncan had notice before the hearing, and that there was such hearing as the law required before his license was revoked.

The judge only refused to enjoin the city from interfering with the petitioner in the conduct of his business on the Sabbath day, and did enjoin such interference on all other days. The judgment is not erroneous as against petitioner. Undoubtedly the business operated by Duncan, as shown in the record, when carried on in the proper manner is a lawful business, and therefore is not a nuisance per se. A business lawful per se may become a nuisance. *Pig'n Whistle Sandwich Shops Inc.* v. *Keilh,* 167 *Ga.* 735 (146 S. E. 455). In that case it was held: "Where the business alleged to be a nuisance is lawful and can be carried on without the injuries complained of, the defendant should not be restrained from carrying it on at all, but should be restrained from carrying it on so as to be injurious and offensive, leaving him the right to carry it on in a proper manner. 46 C. J. 792, § 416 (15) ; *Georgia R. Co.* v. *Maddox,* 116 *Ga.* 64 (42 S. E. 315)." In the last-cited case Maddox and others undertook to restrain the operation of a terminal yard of the railroad company, on the ground that the operation was such as to constitute a nuisance to neighboring residents and a church. After hearing the evidence the superior court granted an interlocutory injunction. The whole subject was elaborately discussed in an opinion by Mr. Justice Fish, at the conclusion of which it was said: "We therefore conclude, after a careful consideration of this case in all its bearings, that the judgment of the court below, granting an interlocutory injunction, should be reversed, except only as to restraining the use of this terminal yard for switching purposes on Sundays; and direction is given that the judgment be so modified as to apply only to the Sabbath day." Thus it will be seen that the principle ruled is the same as that involved in the present case. This court held that the operation of the terminal yards should not be enjoined for the six work days of the week, but that it should have been enjoined for the Sabbath day. In the present case the trial judge followed the principle laid down in the *Maddox* case. He enjoined the city from interfering with the conduct of Duncan's business on the six work days of the week, and refused to enjoin the city from interfering with such operation on the Sabbath day, because under the evidence the trial judge found that the operation of the business had become a nuisance. The evidence authorized that finding.

534

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*