ROBERTS *et al. v.* RICH *et al.; et vice versa.*

BELL, Chief Justice. 1. A nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings. *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465, 466 (85 S. E. 344, L. R. A. 1915E, 430); *Wilson* v. *Evans Hotel Co.,* 188 *Ga.* 498, 500 (1) (4 S. E. 2d, 155).

2. Mere apprehension of irreparable injury from an alleged nuisance consisting of a house in the course of construction or alteration for a lawful business is not sufficient to authorize an injunction. Code, § 72-204; *Richmond Cotton Oil Co.* v. *Castellaw,* 134 *Ga.* 472 (4) (67 S. E. 1126); *Thomoson* v. *Sammon,* 174 *Ga.* 751 (3) (164 S. E. 45).

3. A wholesale grocery business in a residential section of a city is not necessarily a nuisance within itself, and therefore a court of equity will not enjoin the construction of a building to be used for that purpose, where there is no zoning regulation or restrictive covenant inhibiting such use. *Standard Oil Co.* v. *Kahn,* 165 *Ga.* 575 (1) (141 S. E. 643); *Barton* v. *Rogers,* 166 *Ga.* 802 (3) (144 S. E. 248); *Thomoson* v. *Sammon,* 174 *Ga.* 751 (4) (supra); *Wingate* v. *Doerun,* 177 *Ga.* 373 (4) (170 S. E. 226); *Enzor* v. *Askew,* 191 *Ga.* 576 (13 S. E. 2d, 374).

(a) If the building when completed should be operated in such a manner as to cause a nuisance, parties aggrieved may then apply to a court of equity and enjoin its operation in such manner. *Pig'n Whistle Sandwich Shops Inc.* v. *Keith,* 167 *Ga.* 735 (3) (146 S. E. 455); *Pittard* v. *Summerour,* 181 *Ga.* 349 (182 S. E. 20); *Asphalt Products Co.* v. *Beard,* 189 *Ga.* 610 (7 S. E. 2d, 172).

4. Under the preceding rulings, the petition did not state a cause of action, and it was not error to dismiss the same on general demurrer. *Rushing* v. *Thigpen,* 200 *Ga.* 313 (37 S. E. 2d, 180).

(a) In this view, it is unnecessary to determine any question as to validity of the alleged permit purporting to authorize the construction and use of such building as a wholesale grocery warehouse, since the

result would be the same, regardless of the validity or invalidity of such a permit.

*Judgment affirmed on the main bill of exceptions. All the Justices concur, except Wyatt, Justice, dissenting, and*

JENKINS, Presiding Justice, concurring specially, for the reasons stated in division 4 of the opinion in *Rushing* v. *Thigpen*, supra.

*Cross-bill dismissed. All the Justices concur.*

Nos. 15386, 15387. FEBRUARY 21, 1946. REHEARING DENIED MARCH 5, 1946.

500

*Cheney & Hicks, Thomas E. Latimer,* and *L. C. Hames Jr.,* for plaintiffs.

*H. C. Schroeder, Albert E. Mayer, J. G. Roberts,* and *George D. Anderson,* for defendants.