17612

Mrs. Cora Mae F. STRONG and John A. Marion, Appellants, v. WINN-DIXIE STORES, INC., and Mrs. Beatrice S. Howard, Respondents

(112 S. E. (2d) 646)

Messrs. *Andrew B. Marion* and *W. Francis Marion,* of
Greenville, and *John A. Marion,* of York, *for Appellants,*

*James L. Moss, Jr., Esq.,* of York, *for Respondents,*

February 8, 1960.

TAYLOR, Justice.

Each of the appellants owns and resides in a home in the town of York. Alleging that their properties are located in a residential neighborhood unique for its beauty and historical value, they seek by their complaint to enjoin the erection of a large supermarket that they say is proposed, under a lease or other agreement with their neighbor, Mrs. Howard, to be constructed and operated on the latter's lot, the residence upon which, now occupied by Mr. and Mrs. Howard, is to be removed. They allege that the proposed supermarket building will be 144 feet long and 90 feet wide, will have 12,040 square feet of floor space, and will be set back so as to permit parking of automobiles in front of it; and that they are informed and believe that the gross income from the operation of said supermarket is expected to exceed a million dollars per year. They allege that the operation of a business of that kind and size will of necessity; result in increased traffic hazards; produce "noise, dust, confusion, trash, and generally unsanitary conditions"; require the bringing of produce to the supermarket in large motor trucks before and after, as well as during, its regular business hours; deprive the plaintiffs of the quiet enjoyment of their homes; and be injurious to the health of the plaintiffs and especially of certain members of their respective households, one of whom is suffering from a chronic bronchial and pleural ailment caused by allergies traceable mainly to dust, and another of whom, recuperating from a heart ailment, requires rest, quiet, and freedom from conditions giving rise to tensions and pressures. Plaintiffs appeal from an Order sustaining a demurrer to this complaint for insufficiency.

Under the well-settled rule, the facts properly pleaded must be taken as true when attacked by demurrer, and the pleading must be construed liberally in favor of the pleader. So considered, we think the complaint here sufficient against demurrer. We cannot, as a matter of law,

say either that the normal, non-negligent operation of the supermarket described in the complaint will not produce the consequences that appellants have alleged will thereby inevitably befall them and their properties or that, producing them, such operation will not, under all of the circumstances, amount to a private nuisance. These matters involve determination of factual issues that cannot be decided on the pleadings.

It is argued that this action is premature and can be properly brought only after the supermarket referred to in the complaint has been constructed and is in operation; but we held otherwise in *Young v. Brown,* 212 S. C. 156, 46 S. E. (2d) 673.

The Order sustaining the demurrer is overruled, and the cause is remanded, with leave to the defendants to answer the complaint within twenty days after notice to their counsel of the filing of the remittitur.

Reversed and remanded.

STUKES, C. J., and OXNER and LEGGE, JJ., concur.

Moss, J., not participating.