17684

G. Perrin GALPHIN, Appellant, v. Bertha V. WELLS, Individually, as Executrix of the Last Will and Testament of Ethel E. Wells, *et al.,* Respondents (three cases)

(115 S. E. (2d) 288)

*Edward A. Harter, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Rosen & Horger,* of Orangeburg, *for Respondents, other than Senie P. Bennett,* and *T. B. Bryant, Jr.,* of Orangeburg, *for Respondent, Senie P. Bennett,*

*Edward A. Harter, Jr., Esq.,* of Columbia, *for Appellant, in Reply,*

July 14, 1960.

TAYLOR, Justice.

Plaintiff brought three actions in the Court of Common Pleas for Orangeburg County seeking to recover for services rendered to Misses Ida I. Wells, Ethel E. Wells, and Addie C. Wells, all deceased.

Named as defendants are the executrix of the will of Ida I. Wells and the persons named in her will or their legal representatives and one Senie P. Bennett, who is alleged to have or claims some interest in the land described in the complaint as having been owned by the three sisters as tenants in common.

Answer to the first complaint (Ida I. Wells) was served by Bertha V. Wells, individually and as executrix of the Wills of Ethel E. Wells and Ida I. Wells and Theo Ermine Wells Harrison, individually and as administratrix, CTA of the estate of Addie C. Wells. Similar answers were served by Marjorie Wells Jager and Catherine Wells Creach; the other defendants, except Senie P. Bennett, defaulted.

By agreement of counsel, the answers to the first complaint were allowed to stand as answers to the other com-

plaints and only the first complaint and the answer of Bertha V. Wells and others appear in the record.

By the consent, the cases were referred to the Honorable C. E. Summers, Judge of the County Court of Orangeburg as Special Referee "to take the testimony arising under the pleadings, to hear and determine all matters of law and fact, and to report his findings and conclusions back to this court." Briefly the complaint alleges that in 1922 at the request of the four sisters, Pauline (who died in 1937), Ida (who died in 1945), Ethel (who died in 1956), and Addie (who died in 1957), plaintiff left his job in North Carolina and came to work for them on their plantation in Orangeburg County and that continuously, until the death of each, he performed services of supervision, preservation of property, management of labor, purchasing, general management and overseeing, selling, attending to or caring for and looking after the "sisters continuously every day, and when necessary at night." He further alleges that such services were reasonably worth $1.50 per day, amounting to $12,592.50 to Ida. Against the estates of Ethel E. and Addie C. Wells, no per diem value is alleged, but the total reasonable value is alleged to be $22,950.00 to each. In addition, it is alleged that plaintiff expended certain moneys of his own for the benefit of the sisters and that he is entitled to restitution in the amount of $577.36 from each. It is further alleged that the estates have not been fully administered as provided by law, that there are outstanding creditors of each estate and the personal property in each is insufficient to pay the indebtedness, that each sister owned an undivided one-third interest in a tract of land of approximately 293 acres and prays judgment in the amounts set forth, that the assets of each estate be marshalled, the land sold by the Court, the administration completed and the benefits applied.

The answer of Bertha Wells and others briefly alleges that the necessary has been done in the administration of the estate, denies that plaintiff left his job in North Carolina at the request of the sisters or that he performed the services

set forth in the complaint, denies that the estate is indebted to him, but alleges that plaintiff was more than compensated for any services rendered and pleads the six year Statute of Limitations, Code 1952, § 10-143.

The answer of Senie P. Bennett alleges that she acquired title to about 2½ acres of land by deed of Addie C. Wells, Ethel E. Wells, and Theo Wells Harrison in 1956.

All cases were referred to Honorable C. E. Summers, County Judge, as Special Referee, who by agreement of counsel, heard them together and denied plaintiff's claim and ordered him to pay costs. Exceptions were duly taken to the report and heard by Honorable J. Robert Martin, Jr., Presiding Judge, who handed down his Order confirming the report of the Special Referee in its entirety; and plaintiff appeals to this Court contending, first, that the Court erred in failing to consider the third item of the Will of each of the sisters which speaks of "the many services he (plaintiff) has rendered to me and my sisters" and failed to hold that payment for such services was a "just" debt within the direction of the first item of each Will; and, second, in failing to find that plaintiff was entitled to the sum of $577.36 in each case as funds advanced to the three sisters.

Item I of each of the Wills provided: "I direct my executrix hereinafter named to pay all my just debts, if any there be, as soon after my death as practicable"; and it is under this provision that plaintiff bases his claim, contending that the amounts set forth in the complaints are "just" debts.

Item III of the will of Ida I. Wells reads as follows: "After the death of my two said sisters, namely, Ethel E. Wells and Addie C. Wells, I give and devise unto my nephew G. Perrin Galphin, all of my interest in ten acres of land now owned by me and my said two sisters, the said land to be cut off in as nearly a rectangular shape as possible, in the corner of our said land, adjoining Grady Breeland and Mrs. Rosalie D. Moorer, and bounded by the Eutawville Highway on the North, by Grady Breeland on the Northeast, by

Mrs. Rosalie D. Moorer on the Southeast, and by land of me and my sisters on the Southwest. I make this gift to my said nephew in appreciation of the many services he has rendered to me and my sisters. I give this land to him absolutely."

Plaintiff lays stress upon the words "I make this gift to my said nephew in appreciation of the many services he has rendered me and my sisters" in the above to lend support to his contention that the amounts set forth in the complaints are "just" debts by reason of services rendered, his claim being based principally upon the grounds that he managed the plantation for the sisters over a period of years and rendered services in doing so for which he has not been compensated.

The record reveals that plaintiff's testimony is somewhat vague and indefinite as to how these operations were handled, what he did by way of management, what was made or lost on the plantation, he having kept no account of funds received and expended; in fact, neither plaintiff nor any of his witnesses were able to testify with any degree of certainty as to what, if any, financial arrangements existed between the plaintiff and the decedents. On the contrary, the only living sister of the decedents, Miss Bertha Wells, testified that over a period of years plaintiff rented the plantation in question from the sisters, that accurate records were kept as to such rentals, that settlement was made each year with plaintiff, that the premises were always considered as having been "rented to Perrin," and that all services rendered by the plaintiff were paid for by the sisters, that since 1949, plaintiff had agreed to pay $700.00 per year rent and furnish 7 dressed hogs, that all the equipment on the premises when plaintiff took over was used by him for his own operations, that they experienced some difficulty in collecting the rent, and that the mortgage which plaintiff alleges in his complaint to have paid off was not paid by him but was paid through the sale of timber, supplemented by funds of this witness and her sisters. An account book kept by Miss Bertha Wells in her handwriting and that of her sister, Miss

Addie Wells, substantiating this testimony, was admitted into evidence and it reveals that rentals were paid for each year since 1949, giving the amount paid and the balances due. In addition thereto, there was introduced into evidence a letter dated February 1, 1957, from the plaintiff addressed to Miss Addie C. Wells, in which an offer was made by the plaintiff to perform certain acts upon the reduction of rent from $700.00 to $600.00 for that year. Other witnesses for the defendants, who are nieces of the decedents, testified that the property was always referred to as being "rented to Perrin" and a settlement was made with the plaintiff each year.

The record further reveals that the premises in question contained 189 acres of open land, and in accord with the plaintiff's own witness, the reasonable rental for these premises since the year 1950 would be about $10.00 per acre. Further, by plaintiff's own testimony, he withheld $300.00 from the sale price of the timber as damages sustained when the timber cutters permitted the stock to get out and damage his crops.

This matter, by agreement, was treated throughout as an equity matter and will be so considered for the purpose of this appeal. In such matters where issues of fact are found by the Master (Referee) and concurred in by the Circuit Judge, the factual findings will not be disturbed unless such findings are without evidence to support them or are against a clear preponderance thereof. *Alderman et al. v. Alderman et al.*, 178 S. C. 9, 181 S. E. 897, 105 A. L. R. 102; *Young v. Levy et al.*, 206 S. C. 1, 32 S. E. (2d) 889.

From the foregoing recital of the evidence, it cannot be said that the findings of the Referee concurred in by the Presiding Judge are without evidentiary support or are against a clear preponderance thereof.

We are, therefore, of opinion that the Order appealed from should be affirmed, and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.