17699

Lillie HAMILTON, Appellant, v. PALMETTO PROPERTIES, INC., Respondent

(116 S. E. (2d) 12)

*J. Milton McDonald, Esq.,* of Dillon, *for Appellant,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondent,*

August 16, 1960.

LEGGE, Justice.

By this action, commenced on January 2, 1959, plaintiff sought reformation of a written instrument executed by her on August 27, 1957, whereby she leased to the defendant certain farm land in Dillon County for a term of ten years beginning December 1, 1957, with option to the lessee to extend the term for an additional ten years. The gist of her complaint is that the written lease does not truly reflect the agreement between the parties, which was that its term should be five years, commencing at the end of the 1957 crop year; and that when she executed the lease she was too drunk to read or understand it. In its answer the defendant denied these allegations and pleaded estoppel. The Master found the evidence insufficient to establish that the plaintiff was drunk when she signed the lease or that any undue advantage of her had been taken; he found that by her conduct after the execution of the lease she had estopped herself to question it; and he recommended that the complaint be dismissed. His report was in all respects confirmed by decree of the Honorable J. Woodrow Lewis, Judge of the Fourth Judicial Circuit, dated August 28, 1959; and from that decree the plaintiff has appealed.

By numerous exceptions appellant charges that the Circuit Judge erred in confirming the Master's findings that she had not been overreached and that she was in possession of her faculties and knew what she was doing when she executed the lease. These issues in the trial court were essentially factual; and the testimony relating to events prior to and at the time of the execution of the lease, including the question whether or not the appellant was drunk when she signed it, was conflicting. Detailed discussion of it would serve no useful purpose; we have carefully considered all of it, and in our opinion it fully sustains the Master's findings. To pass upon the credibility of the witnesses, whom he saw and heard, was a matter peculiarly within his province. Being neither lacking in evidentiary support nor contrary to the clear preponderance of the evidence, his findings, concurred in by the Circuit Judge, are conclusive under the long-settled rule. *Meyerson v. Malinow,* 231 S. C. 14, 97 S. E. (2d) 88, 65 A. L. R. (2d) 194; *Lisenby v. Newsom,* 234 S. C. 237, 107 S. E. (2d) 449; *Singleton v. Mullins Lumber Co.,* 234 S. C. 330, 108 S. E. (2d) 414.

On the issue of estoppel, it appears from the testimony of the plaintiff herself that within a month after the lease had been signed she took her counterpart of it to a lawyer, who told her that its term was ten years plus an additional ten years if the lessee should so desire; and that with this knowledge she accepted and used the lessee's weekly checks in prepayment of the rent for the first five years pursuant to an agreement between them supplemental to the lease, and continued to accept and use such checks, seventy-nine in all, until December 31, 1958, when approximately the amount of the rent for five years had been thus paid; whereupon she instituted this action. She contends that this conduct on her part was consistent with her claim that the lease was for only five years; but that contention overlooks the fact that she had been advised by counsel, and admittedly knew, that it was for ten years.

"It is, perhaps, one of the most difficult questions which can be presented to a jury, to decide how far the capacity to contract has been destroyed by the too free use of ardent spirits. But too ready an ear should not be lent to such a defense; and in all cases where the subsequent conduct of the party making it is such as to have the appearance of his having confirmed the contract, the defense should not be allowed: for even if a man be so much intoxicated as not to know what he is doing, yet he may afterwards confirm the contract by his acts. If he does not intend to be bound by it, he should go the instant he is restored to his senses and return all that he has received as a consideration." *Williams v. Inabnet*, 1830, 1 Bailey (17 S. C. Law) 343.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.