17908

Mrs. Cora Mae F. STRONG, E. E. Strong, Jr., John A. Marion and Mrs. Rebecca S. Marion, Plaintiffs-Respondents, v. WINN-DIXIE STORES, INC., and Mrs. Beatrice S. Howard, Defendants-Appellants.

(125 S. E. (2d) 628)

*Messrs. James L. Moss, Jr.,* of York, and *Robinson, Mc-Faddin & Moore,* of Columbia, *for Appellants,*

*Messrs. Andrew B. Marion* and *W. Francis Marion,* of *Greenville,* and *John A. Marion,* of York, *for Respondents,*

May 3, 1962.

LEWIS, Justice.

The sole question for determination in this appeal is whether or not the proposed construction and operation of a retail grocery store, referred to as a supermarket, on the property of the defendant Beatrice Howard in the Town of York, South Carolina, will constitute a nuisance.

The defendant Howard proposes to erect on her property a large retail grocery store and lease the same for operation as such by the defendant Winn-Dixie Stores, Inc. The plaintiffs John A. and Rebecca S. Marion, husband and wife, own and reside on property adjacent to that of the defendant Howard, and the paintiffs Cora Mae F. Strong and E. E. Strong, Jr. own and reside on property across the street from that of the defendant. This action was instituted by the plaintiffs to obtain a permanent injunction against the proposed construction and operation of the grocery store by the defendants upon the ground that the same would constitute a nuisance. The Special Referee, to whom the issues were referred for determination, and the Circuit Judge, who heard the matter on exceptions to the report of the referee, have found that the proposed operation of the grocery store would constitute a nuisance, and the lower Court permanently enjoined the defendants from constructing, erecting, leasing or causing to be operated a supermarket or other similar commercial venture upon the property of the defendant Howard. The defendants have appealed from such rulings.

In brief, the plaintiffs allege that the defendant, Beatrice S. Howard, is the owner of a lot on North Congress Street, in the Town of York, which lot is directly across the Street from the residence of the plaintiffs, Mrs. Cora Mae F. Strong and E. E. Strong, Jr., and adjoining the residence lot of the plaintiffs, John A. Marion and Rebecca S. Marion; that the defendants propose to remove from the Howard property the dwelling houses theron and to construct upon said property a supermarket building approximately twelve thousand (12,000) square feet in area, with surrounding paved parking area of approximately forty thousand (40,000) square feet; that the defendant, Winn-Dixie Stores, Inc., intends to operate a supermarket within said building and anticipates an annual gross revenue from the business of approximately one million ($1,000,000) dollars, which will, of necessity, create greatly increased motor traffic, hazards, fumes, dust, noise, confusion, trash and general unsanitary conditions; that the store will be serviced by numerous motor trucks during, as well as, after normal business hours; that the construction and operation of this supermarket will deprive the plaintiffs of the quiet enjoyment of their homes, which are situated in a residential area, unique by reason of the age and type of houses located therein and which is widely known and recognized for its historical value and its beauty; that the operation of the supermarket would be injurious to the health of the plaintiffs and members of their respective households; that if the construction of this store is commenced their property will decrease in value and irreparable injury to the plaintiffs will result; and that an injunction should be issued to prevent the construction and operation of the proposed supermarket.

The answer of the defendants admits that a supermarket of approximately the size and nature, with paved parking area, as described in the complaint, is to be constructed by the defendant Howard under a lease agreement with the defendant, Winn-Dixie Stores, Inc., which will operate the same, and that the construction will replace the dwelling

houses now on the Howard property. It it further alleged that the area in which plaintiffs live is not predominately residential and that there are no building restrictions or zoning ordinance which would prohibit the use of defendant's property for commercial purposes. The defendants deny that the construction and operation of the supermarket will in any wise interfere with the enjoyment by the plaintiffs of their respective homes or constitute a nuisance.

There is very little dispute in the basic facts in this case. The area involved is located on North Congress Street in the block immediately adjacent to the main business section of the Town of York. North Congress Street is one block in length and runs north and south. On the south it continues into Main Street at which point it intersects East Madison Street which runs east and west. At the north end it forks into Lincoln Road and King's Mountain Street where it intersects Blackburn Street which runs east and west. North Congress Street lies, therefore, between East Madison and Blackburn Streets. It is a part of the state highway system, being U. S. Highway No. 321 and S. C. Highway No. 49. According to an official traffic count, an average of 4700 vehicles travel this street every 24 hours.

The block in which the property in question is located is bounded on the south by East Madison Street, on the east by the C. & N. W. Railroad, on the north by Blackburn Street and on the west by North Congress Street. Across the railroad is located both residential and commercial enterprises. It is undisputed that the property fronting on East Madison Street is devoted entirely to commercial purposes and that there is a small grocery store located on Blackburn Street.

Proceeding north from East Madison Street and the main business section of the Town of York along North Congress Street, the first property on the east side is a lot fronting 40 feet on said street and running back along East Madison Street a distance of 141.5 feet on which is located a busi-

ness building. This corner building is now used as a flower shop, but at one time was used as a gasoline service station and thereafter as a bus station. Immediately to the rear of the flower shop and fronting on East Madison Street are store buildings in which are located a shoe shop and a dry cleaning and laundry business. The next property is that of the defendant on which it is proposed to erect and operate a supermarket. This lot forms an "L" around the above corner lot and fronts on North Congress Street a distance of 263.5 feet and on East Madison Street a distance of 55 feet, running back from North Congress Street a distance of 309.5 feet along the property line of the plaintiffs, John A. and Rebecca S. Marion, who are the adjoining property owners to the north. There is located on the Howard lot two residences which will be removed in the construction of the supermarket.

The Marion property fronts on North Congress Street a distance of 100 feet and has considerable more depth than the adjacent property of the defendant. The back portion of the Marion lot is bounded on the south by business property which fronts on East Madison Street. One of these buildings houses a manufacturing enterprise and is within a few inches of the Marion line, and another now houses a furniture store. The property of the defendants runs back from North Congress Street to this manufacturing establishment. The Marion residence is situated on the front part of their lot and the front of the house is approximately 30 feet from the edge of North Congress Street.

To the north of the Marion property is a large lot owned by the Town of York, upon which is located a residence now used to house a public library. There is located on the back of this lot a public swimming pool and a concession stand used in connection therewith.

The property of the plaintiffs Marion is, therefore, bounded on the north and east by the property now used as a public library and a public swimming pool, on the south

by the furniture store property, the manufacturing plant, and the property of the defendant, and on the west by North Congress Street, the property of the defendant separating it from the above mentioned flower shop, shoe shop, and the dry cleaning and laundry establishments.

Immediately across the street and in front of the Marion property is located a large residence in which the owners reside and operate as a hotel for rooms only, with a large neon sign in the yard, lighted at night, advertising it as such.

The plaintiffs Cora Mae F. Strong and E. E. Strong, Jr. own the property adjacent to the above mentioned hotel property and reside in the residence located thereon. As heretofore stated, they reside immediately across the street from the property of the defendant Howard. Immediately to the south of the Strong property, and separating it from Madison Street, is a lot on which is located a residence which is now used as a rooming and apartment house, the owner occupying one room therein.

Without further detailed analysis, the record shows that all of the property fronting on North Congress Street is used for residential purposes, either owner occupied or rented as rooms and apartments, except the residence used as a hotel and the above mentioned building used as a flower shop.

The record shows that the defendants intend to construct upon the property of the defendant Howard a building in which the defendant Winn-Dixie Stores, Inc., will operate a large retail grocery business. The proposed building is to be 90 feet facing North Congress Street with a depth along the Marion property line of 144 feet. The front of the building would be 125.5 feet back from the sidewalk on North Congress Street. The wall of the building along the Marion line would be solid, with no openings. There would be a space of 40 feet between the east wall of the building and the east property line of the de-

fendant for a service area to the building where foods, etc. can be brought in at the east entrance. The premises not occupied by the building would be paved, with entrances and exits from and into both East Madison Street and North Congress Street. The paved area would provide 107 parking spaces. Mercury vapor lights will be used to light the parking area, but these will not be lighted after 7:00 o'clock p. m. Only an interior light in the store would be lighted when it is closed. It is estimated that the supermarket will transact an annual business of approximately one million ($1,000,-000.00) dollars from approximately two hunderd thousand (200,000) customers. The operation of the store will be similar to that of other supermarkets and will be serviced by trucks each day.

Plaintiffs do not contend that the proposed building within itself would constitute a nuisance. Rather, they contend that the operation therein of a retail grocery business as contemplated by the defendants would constitute a nuisance in view of the location and the manner of its proposed operation.

Both the Special Referee and the Trial Judge have found as a fact that the area in question is predominantly residential in character, and we may concede the correctness of this finding, although the area is immediately adjacent to the main business section of the Town of York and commercial enterprises have encroached into the block in question.

Conceding, therefore, that the area is predominantly residential, it does not necessarily follow that the operation of the supermarket should be enjoined. It is undisputed that there are no restrictive covenants in the deeds to the property in question or zoning ordinances of the Town of York, which prohibit the use of the property of the defendant Howard for commercial purposes. It is conceded, and correctly so, that the construction and operation of a retail grocery store or supermarket in a residential area is not such an activity as to constitute a nuisance *per se*. *Essick v.*

*Shillam,* 347 Pa. 373, 32 A. (2d) 416, 146 A. L. R. 1399; *Roberts v. Rich,* 200 Ga. 497, 37 S. E. (2d) 401; Anno.: 146. A. L. R. 1407; 39 Am. Jur. 365, Section 98 (Cummulative Supplement).

The operation of a retail grocery is a lawful business, and the record conclusively shows that the business proposed to be operated by the defendants will be conducted in accordance with the laws of both the State and the Town of York. Therefore, if the plaintiffs are entitled to an injunction prohibiting this otherwise lawful business activity, they must show that the operation of such business by the defendants will constitute a nuisance in fact, or *per accidens.*

A nuisance is "anything which works hurt, inconvenience, or damages; anything which essentially intereferes with the enjoyment of life or property." *State ex rel. Lyon v. Columbia Water Power Co.,* 82 S. C. 181, 63 S. E. 884, 22 L. R. A., N. S., 435; *Deason v. Southern Rwy. Co.,* 142 S. C. 328, 140 S. E. 575.

A nuisance *per accidens* is "an act, occupation or structure not a nuisance *per se,* but one which may become a nuisance by reason of circumstances, location, or surroundings." 39 Am. Jur. 290, Section 11; *Woods v. Rock Hill Fertilizer Co.,* 102 S. C. 442, 86 S. E. 817. If, therefore, the operation of the retail grocery in question is a nuisance at all, it must be such by reason of its location or the manner in which it is to be conducted.

The action here is to restrain the proposed operation of a retail grocery store by the defendants upon the ground that the threatened or anticipated operation will result in a nuisance. In a prior appeal of this case, *Strong v. Winn-Dixie Stores, Inc.,* 235 S. C. 552, 112 S. E. (2d) 646, it was held in overruling a demurrer to the complaint in this action that a court of equity may enjoin a threatened or anticipated nuisance upon a proper showing. This is in accord with the general rule, as stated in the annotation in 55 A. L. R. 884, that "an injunction may be

granted in a proper case, even though the conditions sought to be restrained would not amount to a nuisance *per se*, in the strict sense of that term, if there is a showing of a practically certain injury of a kind which would justify an injunction against an existing nuisance."

However, equity will not interfere where the anticipated nuisance is doubtful, contingent, or conjectural. To entitle one to injunctive relief against a threatened or anticipated nuisance, public or private, it must appear that a nuisance will inevitably or necessarily result from the act or thing which it is sought to enjoin. It is not enough to show that the anticipated acts threatened to or may become a nuisance, but the evidence must show that a nuisance is inevitable from the proposed use of the premises or will necessarily result. If the proposed business may be operated in such a way as not to constitute a nuisance, an injunction will not be issued. The alleged nuisance must be the necessary result of the operation of the business. 39 Am. Jur., Nuisances, §§ 151 and 152. Cases dealing with the question are found collected in the following annotations: 7 A. L. R. 749, 26 A. L. R. 937, 32 A. L. R. 724, 55 A. L. R. 880.

What then are the circumstances relied upon by the plaintiffs, which, it is claimed, will constitute the proposed operation of the supermarket a nuisance?

It is contended by the plaintiffs that they will be deprived of the peaceful enjoyment of their homes by the operation of the supermarket in close proximity to their homes because it will, of necessity, create greatly increased traffic, noise, confusion, dust, trash and general unsanitary conditions, resulting in injury to their health and depreciation in value of their property.

The fact that the operation of the store will attract to the area numbers of people in automobiles with the noise and fumes incident thereto affords no basis, within itself, under the facts of this case, to declare the

proposed business a nuisance. Such question must be resolved in the light of the facts, considering the area involved. Plaintiffs do not reside in a secluded residential area. They now reside on a street over which an average of 4700 vehicles of all types travel each day. They are within 350 feet of the main business district of the Town of York and within one block of the present location of the Winn-Dixie Store in York. A railroad runs along the eastern boundary of the block in which they live, beyond which is located a cotton oil mill and another manufacturing concern. A manufacturing enterprise and furniture store constitute a part of the southern boundary of the Marion lot, in addition to the location nearby of other commercial business along East Madison Street. A public swimming pool and concession stand is operated immediately to the rear of the Marion property. There is nothing in this record from which the assumption may be drawn that there will be a mass entrance or exodus to and from the supermarket by motor vehicles at unreasonable hours. The store will not remain open late at night. Rather, the reasonable assumption is that the motor vehicle traffic will be spread over the usual business day in the normal manner of patrons visiting a grocery store. The record further shows that the service entrance for trucks bringing produce, food and merchandise to the store is to be located on the east side of the building away from the Marion residence and immediately adjacent to the manufacturing enterprise now fronting on East Madison Street.

While the street on which the plaintiffs reside is predominantly residential, the fact remains that they are in close proximity to the business area, with nearby commercial enterprises, subjecting them to the noises and congestion attending the operation of motor vehicles in the business district. The street on which they live is a very heavily travelled state highway. The issues here must be determined in the light of these facts. "No one is entitled to absolute quiet in the enjoyment of his property; he may only insist upon a degree of quietness consistent with the standard

of comfort prevailing in the locality in which he dwells. The location and surroundings must be considered, since noise which amounts to a nuisance in one locality may be entirely proper in another. The character and magnitude of the industry or business complained of and the manner in which it is conducted must also be taken into consideration, and so must the character and volume of the noise, the time and duration of its occurrence, * * *, and all the facts and circumstances of the case." 39 Am. Jur. 332, § 47.

As heretofore pointed out, the store will not operate late at night and there is no evidence from which it may be reasonably concluded that the movement of traffic to and from the supermarket will inevitably endanger the health of the plaintiffs or disturb them in the reasonable enjoyment of their homes.

The contention that the anticipated operation of the business will bring into the neighborhood trash, litter, and unsanitary conditions affords no basis to restrain the operation of the grocery store. Presumably the Town of York has ordinances dealing with such matters, and that they would be enforced. However, if such situation develops in the operation of the business, it can be remedied at that time. There is no showing that such results are inevitable.

The Special Referee, while conceding that there was no direct evidence that dust will be created by the operation of the store, assumed that more dust would be in the area than now exists. The Trial Judge correctly reversed this finding as being without evidentiary support.

There was some testimony as to depreciation in value of the property in the area in the event the supermarket is permitted to operate. This evidence consisted of expressions of opinion by individuals, and it is a matter of speculation as to whether any such depreciation would result. Assuming, however, that the evidence shows that such depreciation will result, this would not be sufficient

in itself to warrant granting the injunction in this case. "A use of property which does not create a nuisance cannot be enjoined or a lawful structure abated merely because it renders neighboring property less valuable." 66 C. J. S., Nuisances, § 19(d), page 771. 39 Am. Jur. 309, § 28. The rule is thus stated in *Dean v. Powell Undertaking Company,* 55 Cal. App. 545, 203 P. 1015, 1018: "The trial court found that the value of the plaintiffs' property for residential purposes will be depreciated. Such findings, standing alone, and not supported by other findings showing that the defendant is maintaining, or is about to maintain, a nuisance, will not support the judgment. In many instances in populous neighborhoods the property of one person is depreciated by the near proximity of the property of another. Such burdens are ordinary incidents to residence and ownership in a city."

The fact that outside lights will be used to light the parking area around the store, and may create objectionable glare, is not sufficient ground to restrain the operation of the business. If it becomes necessary, the operation of the lights may be enjoined at the time, or adjusted to meet the plaintiffs' objections.

The facts of this case afford no reasonable basis for the conclusion reached by the lower Court that the proposed operation of the supermarket will necessarily or inevitably result in a nuisance. If such does result from the operation of the business, appropriate remedy will be available to the plaintiffs at that time.

While we are not unmindful of the legitimate desires of the plaintiffs to keep their neighorbood residential in character, they may not accomplish their desires by appropriating the property of the defendant as a barrier between them and the business district. This is the effect of the decision of the lower Court. The area involved lies on the fringe of a business area. Commercial enterprises have already moved into the block in which the plaintiffs reside. The property of the defendant is completely bounded on the south and

east by commercial uses, and the property of the plaintiffs Marion is partly so bounded. The property of the defendant, if the lower Court is affirmed, will be maintained as a barrier between the plaintiffs Marion and the business property located on North Congress Street. In doing so, the decision of the lower Court would deprive the defendant of the most advantageous use of her property. A grocery store is a lawful business. The defendants are not prohibited from operating it on their property either by restrictive covenants or zoning ordinances, and the facts fail to show that in the manner of its operation the business will constitute a nuisance. Under such circumstances the defendants have a constitutional right to make the most advantageous use of their property.

The effect of the decision of the lower Court will be to stifle all growth of the business area of the community. When towns are established, the business district is usually confined to a small area. As the town grows and develops the business area expands into adjacent residential areas. An increase in population requires a proportionately expanded business community. Change in the characteristics of a neighborhood is inevitable. The extent of the business area in a town and its location are matters which cannot be controlled and determined by judicial decision. The regulation of such matters is normally reserved under the police power to the legislative branches of local and state government. The Court has no power to zone property.

It is true that the Referee and the Trial Judge have made concurrent findings of fact that the proposed operation of the supermarket will constitute a nuisance. However, in an equity case, where such findings are without evidence to support them, or are against the clear preponderance of the evidence, this Court not only has the power to reverse, but the duty. *Young v. Levy,* 206 S. C. 1, 32 S. E. (2d) 889. Such is the case here.

The cases of *Fraser v. Fred Parker Funeral Home,* 201 S. C. 88, 21 S. E. (2d) 577 and *Young v. Brown,* 212 S. C. 156, 46 S. E. (2d) 673, cited by counsel, involved different factual situations. The *Fraser case* involved a funeral home and the *Young case* a cemetery. As stated in the *Fraser case,* "in reaching a conclusion in a case of this kind it is necessary to bear in mind the particular facts involved."

Reversed.

TAYLOR, C. J., and J. M. BRAILSFORD, JR., Associate Justice, concur.

BUSSEY, J., and LEGGE, Acting Associate Justice, dissent.

LEGGE, Acting Associate Justice (dissenting).

In the light of our decision of the former appeal, 235 S. C. 552, 112 S. E. (2d) 646, in which we held the complaint sufficient against demurrer, it is apparent that the issues before the Special Referee were factual rather than of law, to wit: were appellants about to construct and operate a supermarket as alleged in the complaint, and, if so, would such construction and operation result in the consequences to the respondents that they had alleged? Consideration of the voluminous testimony offered in support of the allegations of the complaint convinces me that the Special Referee's findings of fact, concurred in by the Circuit Judge save in certain minor respects not affecting the result, were neither lacking in evidentiary support nor contrary to the clear preponderance of the evidence. Under the long-settled rule, the cause being in equity, such concurrent findings are conclusive on appeal. *Galphin v. Wells,* 236 S. C. 606, 115 S. E. (2d) 288; *Hamilton v. Palmetto Properties, Inc.,* 237 S. C. 140, 116 S. E. (2d) 12. I would affirm the judgment below.

BUSSEY, J., concurs.