0484

CHARLESTON COMMITTEE FOR SAFE WATER, Gerald Prazak and Carl S. Scott, Appellants, v. COMMISSIONERS OF PUBLIC WORKS, Randell C. Stoney, C. Fletcher Carter, Jr., Steve Moskos, Joseph P. Riley, Jr., and Daniel Richardson, as Commissioners elected and ex-officio, Respondents.

(331 S. E. (2d) 371)

Court of Appeals

*G. Dan Bowling,* Charleston, *for appellants.*

*Lucas C. Padgett, Jr.* and *Michael A. Scardato, Morris, Duffy and Boone,* Charleston, *for respondents.*

Heard Feb. 27, 1985.

Decided May 30, 1985.

GARDNER, Judge:

The Charleston Committee for Safe Water (the Committee) filed this suit to enjoin as a nuisance the proposed fluoridation of the water supply of the City of Charleston. The case was referred to a master who refused to issue an injunction. By consent of the parties, this is a direct appeal from the master's order. We affirm.

The sole issue on appeal is whether the findings of the master are supported by the record. No issue of law is involved.

■ To enjoin an anticipated nuisance, it must appear that a nuisance will inevitably result from the act or thing sought to be enjoined. *Strong v. Winn-Dixie Stores, Inc.*, 240 S. C. 244, 125 S. E. (2d) 628 (1962). The inevitability required by this rule is the crux of this case.

■ The appealed order, with reference to the credibility of the witnesses, noted that the witnesses who appeared for the Committee were ardent antifluoridationists, whose views, though sincerely held, were inconsonant with the medical and scientific opinion of the great majority of medical and scientific experts in this country. As an example, the Committee contends that fluoride added to water acts as a carcinogen (a cancer inducing agent). Dr. Yiamouyiannis, a witness for the Committee, testified that fluoride was a carcinogen; however, the testimony of respected scientists from the Center of Disease Control in Atlanta, Georgia, and the Laboratory of Developmental Biology and Anomalis at the National Institute of Dental Research contradicted this testimony. Additionally, documentary evidence was introduced which indicated that the National Cancer Institute saw no danger from water fluoridation.

The record of this case is voluminous. This court has examined it thoroughly and held the master's order is fully supported by the record and correct in every respect. The burden of proof required by *Strong v. Winn-Dixie Stores, Inc., supra,* was not met by the Committee. The order of the master is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.