## 17515

:SOUTH CAROLINA STATE HIGHWAY DEPARTMENT and the City of Spartanburg, S. C., of whom the City of Spartanburg is, Appellant, v. Joe D. HINES, Earl C. Hines and Shell Oil Co., Respondents.

(107 S. E. (2d) 643)

*E. C. Burnett, Jr., Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Simpson Hyatt* and *John H. Nolen,* of Spartanburg, *for Respondents,*

March 11, 1959.

LEGGE, Justice.

Joe D. Hines and Earl C. Hines, owners, and Shell Oil Company, lessee, of a lot of which a portion had been taken by South Carolina Highway Department and the City of Spartanburg for the purpose of widening a highway, appealed to the Court of Common Pleas for Spartanburg County from the award made by the condemnation board; and the cause was heard *de novo* (Code 1952, Section 33-139) before the Honorable T. B. Greneker, Presiding Judge, and a jury, at the January, 1958, term of that court. Verdict was for $5,000.00; and the City of Spartanburg has appealed, charging error in the admission of certain testimony and the failure to charge one of appellant's requests.

At the time of its purchase by the Messrs. Hines (whom for convenience we shall refer to as the respondents) the lot in question, at the corner of West View Boulevard and the Reidville Road (South Hampton Street), measuring one

hundred feet on each of its four sides, was owned by a Mr. Petty, who operated there a grocery. Respondents bought the property for lease as the site of a filling station; and for several months prior to its purchase they and Shell Oil Company, the proposed lessee, had negotiated with the city authorities concerning its contemplated use, which would necessitate rezoning from residental to business purposes. These preliminaries having been successfully concluded, respondents consummated their purchase on or about May 4, 1956, paying $15,000.00 for the property; on May 7, 1956, they executed a lease of it to Shell Oil Company; and about the same time they proceeded to build the service station, install pipes and underground tanks, and construct two "islands"', upon each of which were to be erected two gasoline pumps, in accordance with the plans agreed upon with the lessee. For the purpose of defraying the cost of these improvements, Shell Oil Company loaned to respondents $25,000.00 on the security of a mortgage of the premises.

In the latter part of October, 1956, the work of construction having been completed except for the pouring of concrete into the steel forms to make the islands for the gasoline pumps, respondents received notice from the highway department and the city of the taking, for widening of the Reidville Road, of a strip of the lot, fifteen feet wide, along the hundred-foot frontage on that road. It is uncontradicted that as the result of such taking the pump islands and pipes had to be dug up, and that, because of lack of space remaining, only one pump island could be installed. It is also uncontradicted that the loss of one of the islands considerably lessened the value of the remainder of the premises. An official of Shell Oil Company, in charge of such matters in this state, testified, without objection, that this particular property was, in his opinion, worth, as a two-island filling station, approximately $40,000.00; as a one-island station, approximately $25,000.00.

Appellant's first exception charges that the trial judge erred "in permitting the defendant landowner, J. D. Hines, to testify that a 15-foot strip of land adjoin-

ing his property on the rear had been offered for sale to him for the purchase price of five thousand dollars." The liberal attitude of the courts toward admission of evidence tending to show the fair value of the property taken permits competent evidence of the fair value, at or near the time of the taking, of land similar to and near that taken, and, as evidence of such value, the price realized from voluntary sales of similar land in the vicinity within a reasonable time. 29 C. J. S. Eminent Domain § 273; Orgel, Valuation Under Eminent Domain (1936 Ed.), Par. 135; *United States v. 5139.5 Acres of Land*, 4 Cir., 200 F. (2d) 659. But testimony of the condemnee as to a price at which adjacent or nearby property has been offered for sale to him is manifestly inadmissible, especially where such offer has not been accepted. As was said in *Sharpe v. United States*, 191 U. S. 341, 24 S. Ct. 114, 48 L. Ed. 211, quoted with approval in *Baynham v. State Highway Department of S. C.*, 181 S. C. 435, 187 S. E. 528, 534:

"Oral and not binding offers are so easily made and refused in a mere passing conversation, and under circumstances involving no responsibility on either side, as to cast no light upon the question of value. It is frequently very difficult to show precisely the situation under which these offers were made. In our judgment they do not tend to show value, and they are unsatisfactory, easy of fabrication, and even dangerous in their character as evidence upon this subject. Especially is this the case when the offers are proved only by the party to whom they are alleged to have been made, and not by the party making them. There is no chance to cross-examine as to the circumstances of the party making the offer in regard to good faith, etc. * * * A reference to the authorities shows them to be almost unanimous against receiving evidence of this kind."

But examination of the record before us clearly shows that the trial judge, mindful of the rule just mentioned, refused to permit the introduction of such evidence, and limited counsel's inquiry to the question of what, in his client's

opinion, the land at the rear of his property was worth. Admission of Mr. Hines' testimony in response to that inquiry is attacked by appellant's second exception upon the ground that the witness had not qualified as an expert.

Mr. Hines, a civil engineer and for many years a general contractor, testified that he was not a "real estate man", but that he had been buying and selling real estate for a number of years; that he had been interested in obtaining, if possible, behind the filling station property, fifteen feet of the adjoining property; and that in his opinion it was worth $5,000.00. No peculiar ability or specialized training is required to enable a witness to testify as to his opinion of the value of property with which he is acquainted. Orgel, Valuation Under Eminent Domain (1936 Ed.), Par. 130. Decision as to his competency in such a matter rests largely in the discretion of the trial judge, the extent of his experience going not so much to his competency as to the weight of his testimony. As Judge Parker said in *United States v. 25.406 Acres of Land,* 4 Cir., 172 F. (2d) 990, 995: "Artificial rules of evidence which exclude from the consideration of the jurors matters which men consider in their everyday affairs hinder rather than help them at arriving at a just result. In no branch of the law is it more important to remember this, than in cases involving the valuation of property, where 'at best, evidence of value is largely a matter of opinion'. See *Montana R. Co. v. Warren,* 137 U. S. 348, 352, 11 S. Ct. 96, 97, 34 L. Ed. 681." We find no error in the admission of this testimony.

Appellant's last two exceptions may be considered together. They relate to the testimony of Mr. J. D. Hines as to what it would have cost to move the service station building back far enough to afford space in front of it for two pump islands, and to the trial judge's refusal to charge appellant's request to the effect that such cost was not a proper element of damage. Neither of these exceptions can be sustained. In the first place, as Mr. Hines testified, the building was not moved. In the second, Mr.

Hines' testimony as to what, in his estimate, it would have cost to move it, was stricken on appellant's motion. There being thus no issue as to such cost, refusal to charge the jury concerning it was not error.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.