19802

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Respondent, v. The J. W. CONDER COMPANY, Appellant

(204 S. E. (2d) 381)

*Messrs. Thomas E. McCutchen* and *R. Davis Howser,* of *Whaley, McCutchen, Blanton & Dent,* Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., William F. Austin, Timothy G. Quinn, John B. Grimball* and *Donald W. Myers, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

April 9, 1974.

BRAILSFORD, Justice:

The South Carolina Highway Department has condemned 15.73 acres of a 73-acre tract of land of The J. W. Conder Company for highway purposes. The board of condemnation awarded compensation of $29,350.00, and the landowner demanded a jury trial by appealing pursuant to Section 33-139, Code of 1962. The trial *de novo* in the circuit court resulted in a verdict of "no dollars," signifying a jury finding that the benefit to the remaining land exceeded the value of that taken and any special damages. The landowner now appeals on a number of grounds from the trial judge's refusal of its motion for a new trial.

Since quite properly, the appeal does not challenge the sufficiency of the evidence to support the verdict, a detailed description of appellant's property and of the improvement is inappropriate. Suffice it to say that the property has been taken as right-of-way for Interstate 77, referred to in the record as the Northeast Freeway. The plans include an important interchange of traffic between an existing highway bisecting appellant's property and the Freeway.

Nine questions are argued in the brief. We consider these seriatim, quoting the questions as stated by appellant except for rather lengthy question IX.

I. *Did the Court err in using conflicting standards in refusing testimony on behalf of the landowner and permitting similar testimony for the Highway Department?* This challenge relates to the exclusion of the testimony of appellant's witness Koon as to sales of small commercial sites at high per-acre prices as comparable sales justifying his appraisal of the value of the property taken, and the admission of the testimony of respondent's witness Willard as to similar sales. The qualifications of the two witnesses and the tenor of their testimony on this point were dissimilar. Unlike that of Koon, Willard's testimony as to sales at high per-acre prices at other nearby interchange sites made after the location of the highway became known was offered to support his testimony as to benefits from the improvement. There was no inconsistency in the court's rulings and no error as assigned.

II. *Did the Court err in submitting the notice of appeal to the jury and in refusing thereafter to instruct the jury that no payment had been made to the landowner?* At the conclusion of the charge, as is customary in such cases, the notice of appeal from the award of the board of condemnation was handed to the jury and the foreman was instructed to write the verdict on the back of it. During their deliberations, the jurors returned to the jury box and inquired "what the condemnation procedure is. In other words, before the plaintiff has his land condemned does he get a certain number of offers from the highway department? That is our basic question." To this the court responded, "That would not really be relevant, Mr. Foreman. There is a condemnation board which passes on the matter. . . . it's more or less an instrumentality of the highway department. They offer X dollars or no dollars if they say the benefits exceed but that is no evidence whatsoever. The landowner has a full and complete right to come here to this Court to have a jury of twelve people pass on it. In other

words, the award by the condemnation board is of no significance whatsoever. It's your responsibility and yours alone to determine the case."

When the jury retired, appellant's counsel requested that it "be told that there has been no payment or anything to the Conders by reason of any award or condemnation. The jury is indicating they know something about a condemnation proceeding and I don't think they should be under the impression that the Conders have received or been paid any amount."

The court declined this request, stating that there was nothing to give the jury an erroneous impression in this regard. We agree. The court's response to the jury's question was adequate. On the whole record, it is inconceivable that the jurors failed to understand their role as the sole arbiters of the compensation to be paid to the landowner for the taking of his property.

III. *Did the Trial Judge err in restricting cross-examination of the condemning authority's expert witness?* The record discloses no error in this respect which could conceivably have prejudiced appellant's case. When an objection to the form of a question on cross-examination was sustained, perhaps erroneously, the question was rephrased and the expected answer elicited. A further objection for irrelevancy was overruled and the line of examination continued to its conclusion.

IV. *Did the Trial Judge err in his comments concerning a proposed Exhibit?* During the cross-examination referred to above, counsel offered in evidence a deed to a nearby tract which had sold for a comparatively low per-acre price. When counsel for the Highway Department objected, the court responded, "If it is comparable, I think it's favorable to you, Mr. Quinn, so I don't see why you object." Thereupon, the objection was withdrawn and the deed was admitted. No objection was made at the time to the court's remark but it was made a ground of the motion for a new trial. In overruling the

motion, the trial judge conceded that this inadvertent remark was in error, but concluded that the error was non-prejudicial, and, if not, that it had been waived by failure to object. We agree. Counsel argues that the remark of the trial judge destroyed the value of the exhibit as evidence, but does not point out what aid it might otherwise have lent to the landowner's cause. Since the per-acre consideration reflected by the deed was substantially below the lowest value assigned to the land taken by any witness, we perceive none and find no reversible error.

V. *Did the Trial Judge err in allowing the foreman to take notes during the trial and particularly during the charge?* According to the great weight of authority the allowance or disallowance of note-taking by jurors during the trial rests in the discretion of the trial judge. Annot., 14 A. L. R. (3d) 831 (1967). We adopted this view in *State v. Trent,* 234 S. C. 26, 106 S. E. (2d) 527 (1959). No reason appears why the rule should not govern this case; hence, the exception is overruled.

VI. *Did the court err in labeling the Requests to Charge as being those of the landowner or those of the Highway Department?* As recognized in *South Carolina State Highway Dept. v. Rural Land Co.,* 250 S. C. 12, 156 S. E. (2d) 333 (1967), the practice of identifying the source of requests to charge has been criticized by some courts on the ground that all proper requested instructions should be given as emanating from the court. 88 C. J. S. Trial § 411. c. (1955). However, as in the case cited above, whatever may be regarded as the better practice in this regard, no possibility of prejudice to this landowner appears, especially since the court instructed the jury that the requested instructions were "sound statements of applicable law," and the instructions requested by the landowner were adequately covered, point by point, in the general charge. The exceptions raising this point are without merit.

VII. *Did the court err in excluding evidence of the* ■ *"terms" of an offer to purchase the subject property?* The record does not support the exception on which this question is based. It appears therefrom that the witness was allowed to testify that he transmitted a cash offer of $17,500.00 per acre for the property which was refused by the landowner.[1] The witness further testified that he transmitted another offer on terms involving "financing over a period of time," which terms were not acceptable to the owner. The witness was then asked the amount of this offer, and this question was excluded because "(h)e says the terms (of the offer) were not satisfactory." We find no error as assigned.

VIII. *Did the court commit prejudicial error in its* ■ *charge and in its illustrations to the jury as to offsetting values?* We have carefully considered the aspect of the charge here referred to, and the supplemental instructions given in response to counsel's exception. We find no error, certainly none which could have conceivably resulted in prejudice to the appellant.

XI. Under this division of the brief, appellant contends that it has been denied a fair and impartial trial by the cumulative effect of the alleged errors theretofore argued. Appellant's dissatisfaction with the verdict is quite understandable. It is no doubt shared by resourceful and able counsel who have prosecuted this appeal with dedication and zeal. Nevertheless, we share the conviction of the trial judge "that the verdict was fully justified by the evidence and that the trial, considered in its entirety, was a fair and impartial one."

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.

---

[1] This testimony was probably inadmissible under *Baynham v. State Highway Department*, 181 S. C. 435, 187 S. E. 528 (1936); cf. *South Carolina State Highway Dept. v. Hines*, 234 S. C. 254, 107 S. E. (2d) 643 (1959).