21678

The STATE, Appellant, v. Sidney Albert JORDAN, Jr., Respondent.
(289 S. E. (2d) 650)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Richard D. Bybee* and *Patrick M. Teague,* Columbia, *for appellant.*

B. *Hicks Harwell, Jr., Florence,* and *Edward E. Saleeby, Jr., of Saleeby, Cox & Bledsoe,* Hartsville, *for respondent.*

March 23, 1982.

LEWIS, Chief Justice:

This is an appeal by the State from an order of the circuit court reversing respondent's conviction in magistrate court of the offense of driving a motor vehicle while under the influence of intoxicants. The conviction was reversed upon a finding that the magistrate erred in her ruling relative to the taking of notes by a juror during the prosecution's closing argument. The State appeals from this finding.

The facts are not in dispute. The return of the magistrate shows that during the State's closing argument to the jury respondent objected to one of the jurors taking notes. The objection was sustained and the juror promptly complied with the magistrate's instructions to cease taking any further notes. After the jury began deliberations, counsel for respondent requested that the court confiscate the notes taken by the juror. This request was refused.

After the verdict was returned and at the request of defense counsel, the juror was required to present the questioned notes to the court. Upon receiving the notes, the court found the notes to be insignificant, not relative to the real issues in the case, not inaccurate, and not indicating any opinion.

The question to be decided is whether the magistrate erred in refusing to confiscate the notes taken by the juror and in permitting them to be taken into the jury room after sustaining an objection to the taking of the notes.

We have held that the determination of questions concerning the taking of notes by jurors rests largely in the discretion of the trial court, (*State v. Trent,* 234 S. C. 26, 106 S. E. (2d) 527; *South Carolina State Highway Department v. The J. W. Conder Co.,* 262 S. C. 318, 204 S. E. (2d) 381); and the trial judge's ruling in such cases will not be disturbed except upon a showing of prejudice to the rights of the defendant.

This record is devoid of any showing of prejudice. Notes were taken by the juror for only a very short period of time and, when viewed by the trial judge, were found to be insignificant and "not relative to the real issues in the case". The fact that the trial judge failed to confiscate immaterial notes taken by the juror could not properly form the basis of a finding of prejudice.

The judgment under appeal is reversed and the judgment of the magistrate court is hereby reinstated.

LITTLEJOHN, NESS and GREGORY, JJ., and WILLIAM L. RHODES, Acting Associate Justice, concur.