# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Charleston Development Company, LLC, Charleston Housing Company, LLC and NotSo Hostel, LLC, Appellants,

v.

Younesse Alami, Simon M. Adell, Matthew Anderson, Matthew Asher, Daniel Baker, Marie Baker, Matthew and Christina Bare, Andre Bauer, Peter Bierce, Brandon Blount, Barbara Brass, Richard T. Brewer, Sigrid Anne Eilertson, Reginald P. Brown, IV, Mary Cahill, Ryan Cockrell, Kevin and Virginia Conlon, Anne Marie Crevar, Christina Cross, Darryl J. Damico, Labar Daniel, Stephen Darwak, Lindsay Davenport, Mary Dickerson, Maxwell Streeter, Kathleen Dougherty, David Dressman, Anna Dressman, Michael Elder, Christopher Scott Farley, Michele Ghastin, Timnah Giller, Virginia Geller, Ryan Gilreath, Sonya Gilreath, Kimberly Glenn, Shaun Halsor, Josephine Rex, Arthur Halvorson, Andrew Halvorson, Linda Hancock, Laura Hyatt, Mike Hartel, Nathan Herring, James Hicks, Jr., Laurie Hicks, Preston G. Hipp, Colin Jones, Matthew F. Jones, Robert C. Jones, Robin Joseph, Molly Keeler, John Kenny, Mandi Walters, Abigail King, Aaron Kless, Laurie Kramer, Robert Kramer, Allison Kreutzer, Benjamin Levitt, Richard Levitt, Jesse Lutz, Nikou Manouchehri, Thomas Naselaris, Zoe Naselaris, Beau O'Steen, Cori O'Steen, Lance Parr, Brandon Perdue, Amanda Lee Raymer, Hadassah Rothenberg, Daniel Ryan, Kimberly Bowlin, Kevin Schnittker, Ginger Scofield, Inderjit Singh, Avtar Singh, Alecia Stevens, Lee Stevens, Justin Swan, Merrick Teichman, John Van Vlack, Jr., William Waterhouse, Jennifer Waterhouse, Anne Wohlfeil, Bryan Young, AJB Trust, Anthony & Jacqueline Bradley, Trustees, Hartshorn Family Trust, Helene Kenny/Bridget Kenny Revocable Trust, Wilhelmina M. Wieters Life

Estate Childrens Trust, 33 Bogard Street LLC, 249 Cumming, LLC, 253 Coming Street LLC, 259 East Bay LLC, 259 East Bay 10 B LLC, 272 D Coming St. LLC, Café International, Inc., Corner At Old Canton, LLC, Geer Interests LLC, Kit Properties LLC, Lambert-Weiss LLC, The Naws LLC, New Lease Capital LLC, One Henrietta LLC, Periwinkle Partners, LLC, Porch Properties LLC, Westbury Properties, LLC, and Westendorff Hardware LLC, Defendants,

Of whom Younesse Alami, Simon M. Adell, Matthew Anderson, Matthew Asher, Andre Bauer, Peter Bierce, Brandon Blount, Reginald P. Brown, IV, Mary Cahill, Ryan Cockrell, Kevin and Virginia Conlon, Anne Marie Crevar, Darryl J. Damico, Stephen Darwak, Lindsay Davenport, Mary Dickerson, Maxwell Streeter, Kathleen Dougherty, David Dressman, Anna Dressman, Michael Elder, Christopher Scott Farley, Michele Ghastin, Ryan Gilreath, Sonya Gilreath, Kimberly Glenn, Shaun Halsor, Josephine Rex, Laura Hyatt, Nathan Herring, James Hicks, Jr., Laurie Hicks, Preston G. Hipp, Colin Jones, Matthew F. Jones, Robert C. Jones, Robin Joseph, Molly Keeler, John Kenny, Abigail King, Aaron Kless, Laurie Kramer, Robert Kramer, Allison Kreutzer, Jesse Lutz, Thomas Naselaris, Zoe Naselaris, Beau O'Steen, Cori O'Steen, Lance Parr, Brandon Perdue, Hadassah Rothenberg, Daniel Ryan, Kimberly Bowlin, Kevin Schnittker, Ginger Scofield, Alecia Stevens, Justin Swan, Merrick Teichman, John Van Vlack, Jr., William Waterhouse, Jennifer Waterhouse, Anne Wohlfeil, Bryan Young, Helene Kenny/Bridget Kenny Revocable Trust, 259 East Bay LLC, 259 East Bay 10 B LLC, Corner At Old Canton, LLC, Kit Properties LLC, The Naws LLC, One Henrietta LLC, Periwinkle Partners, LLC, Porch Properties LLC, Westbury Properties, LLC, and Westendorff Hardware LLC, are the Respondents.

Appellate Case No. 2018-001766

--------

Opinion No. 5826
Heard April 15, 2021 – Filed June 23, 2021

**AFFIRMED**

Sean Kevin Trundy, of Sean Kevin Trundy, LLC, of
Charleston, for Appellants.

Mallary Lauren Scheer, of Mallary L. Scheer, Attorney at
Law, LLC, of Charleston; Michael Ashley Whitsitt, of
The Whitsitt Law Firm, of Mount Pleasant; Nancy
Bloodgood, of Bloodgood & Sanders, LLC, of Mount
Pleasant; Lucy Clark Sanders, of Bloodgood & Sanders,
LLC, of Mount Pleasant; Mary Lee Briggs, of Briggs &
Inglese, LLC, of North Charleston; Gregory Kenneth
Voigt, of Voigt Murphy, LLC, of Charleston; David B.
Marvel, of Marvel Et Al, LLC, of Charleston;
Christopher L. Murphy, of Murphy Law Offices, LLC, of
Charleston; Daniel Carson Boles, of Boles Law Firm,
LLC, of Charleston; and Stafford John McQuillin, III, of
Haynsworth Sinkler Boyd, PA, of Charleston, all for
Respondents.

**THOMAS, J.:** This appeal arises from multiple lawsuits against property owners
in Charleston alleging the owners' illegal short-term rental businesses damaged the
legal short-term rental businesses of Charleston Development Company, LLC,
Charleston Housing Company, LLC, and NotSo Hostel, LLC, (collectively,
Appellants). Appellants appeal the trial court's grant of summary judgment to all
defendants (some of whom are Respondents), arguing the trial court erred in
granting summary judgment against their (1) claim under City of Charleston
Ordinance § 54-905; (2) claim for violation of the South Carolina Unfair Trade
Practices Act (SCUTPA); and (3) nuisance claim. They also argue they are
entitled to the video-taped depositions of Respondents. We affirm.

**FACTS**

In 2012, the City of Charleston created a special overlay zone district to allow for short-term rentals via Ordinance § 54-120 and Ordinance § 54-202.[1] Most other areas of the City prohibit short-term rentals. The City's zoning ordinance defines a short-term rental as a lease in duration between 1 and 29 days.

Appellants filed four lawsuits in 2015 alleging Respondents violated the City's zoning ordinance regarding short-term rentals. Appellants asserted Respondents' unlicensed businesses damaged Appellants because Respondents competed unfairly with Appellants' businesses and other legally-operating short-term businesses, which cost Appellants income. They asserted the unlicensed businesses displaced residents and drove up the cost of housing. Appellants further asserted Respondents' businesses constituted a nuisance because they deprived Appellants of the full financial enjoyment of their properly-licensed properties.

After being transferred to the Business Court Pilot Program, the court granted summary judgment to Respondents in all four cases based on Appellants' lack of standing and allowed Appellants to amend and consolidate their complaints. Appellants filed an amended complaint, alleging causes of action for nuisance, unjust enrichment, and violations of the City's zoning ordinance and the SCUTPA.[2]

Respondents filed a joint motion for summary judgment. After a hearing, the trial court granted summary judgment to Respondents on all of Appellants' causes of action. The trial court found Appellants had not appealed any decision of the City of Charleston Zoning Administrator to the City of Charleston Board of Zoning Appeals. The court also found there was no contractual relationship between the parties, Appellants were not affected in any personal and individual manner, and Appellants were not damaged any more than any other property owner who legally rented their property on a short-term basis. Further, the court found Appellants lacked standing to sue because none of them were adjacent or neighboring property owners to Respondents.

---

[1] According to Appellants, prior to 2012 "no non-hotel private property owners, with the exception of a few bed & breakfast operators, were allowed to rent out their property for less than 30 days at a time."

[2] Appellants do not appeal the grant of summary judgment on their unjust enrichment cause of action.

Appellants' motion for reconsideration was denied without a hearing.  This appeal followed.

**STANDARD OF REVIEW**

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), SCRCP.  "In determining whether any triable issues of fact exist for summary judgment purposes, the evidence and all the inferences that can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Med. Univ. of S.C. v. Arnaud*, 360 S.C. 615, 619, 602 S.E.2d 747, 749 (2004).  Our supreme court has established "[t]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof." *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 357-58, 650 S.E.2d 68, 71 (2007) (alteration in original) (quoting *Baughman v. Amer. Tel. & Tel. Co.*, 306 S.C. 101, 116, 410 S.E.2d 537, 545-46 (1991)).

**LAW/ANALYSIS**

**I.      Ordinance § 54-905**

Appellants argue the trial court erred in granting Respondents' motion for summary judgment on Appellants' claim under the City's Ordinance § 54-905.  We disagree.

The City's Zoning Ordinances are developed pursuant to state law.  *See* S.C. Code Ann. § 6-29-340(B)(2)(a) (2004) (providing "[i]n the discharge of its responsibilities, the local planning commission has the power and duty to: . . . (2) prepare and recommend for adoption to the appropriate governing authority or authorities as a means for implementing the plans and programs in its area: (a) zoning ordinances to include zoning district maps and appropriate revisions thereof . . . .").  The South Carolina Local Government Comprehensive Planning Enabling Act (the "Planning Act") states in pertinent part:

> In case a building, structure, or land is or is proposed to be used in violation of any ordinance adopted pursuant to this chapter, the zoning administrator or other appropriate administrative officer, municipal or county attorney, or other appropriate authority of the municipality or county or an adjacent or neighboring property owner who would be specially damaged by the violation may in addition to other remedies, institute injunction, mandamus, or other appropriate action or proceeding to prevent the unlawful erection, construction, reconstruction, alteration, conversion, maintenance, or use, or to correct or abate the violation, or to prevent the occupancy of the building, structure, or land.

S.C. Code Ann. § 6-29-950(A) (2004).  "In short, under section 6-29-950 a specially damaged, adjacent or neighboring property owner can bring an action for an injunction based on an alleged violation of a zoning ordinance." *Carnival Corp. v. Historic Ansonborough Neighborhood Ass'n*, 407 S.C. 67, 79, 753 S.E.2d 846, 852 (2014).

There are two sections of the City's Zoning Ordinance that reflect and implement this state statute, Ordinance § 54-904 and Ordinance § 54-905.  Ordinance § 54-904, titled "Procedure when enforcement or interpretation questioned; appeals to court," states:

> It is the intent of this Chapter that all questions arising in connection with the enforcement or interpretation of this Chapter, except as otherwise provided, shall be presented to the Board of Zoning Appeals, and, that from decisions of the Board of Zoning Appeals, recourse shall be to the courts as provided by law.

Ordinance § 54-905, titled "Remedies for violations," states:

> Whenever a building or structure is demolished, erected, constructed, reconstructed, altered, repaired, converted, or maintained, or any building, structure or land is used in violation of this Chapter, the city engineer or any other appropriate authority, or any property owner, who would be damaged by such violations, in addition to other

remedies, may institute injunction, mandamus, or other
appropriate action in proceeding to prevent the violation
in case of such building, structure or land.

In *Carnival*, several citizens groups filed suit against Carnival, a cruise ship operator, alleging nuisance and zoning claims and seeking an injunction. 407 S.C. at 71, 753 S.E.2d at 848. The plaintiffs' claims were based on alleged violations of the City of Charleston's ordinances, including violations of the City's noise ordinance, sign ordinance, height limitations, and impermissible use, as well as violations of the South Carolina Pollution Control Act. *Id.* at 73, 753 S.E.2d at 849. Our supreme court, in its original jurisdiction, unanimously dismissed the plaintiffs' complaint in its entirety. *Id.* at 81, 753 S.E.2d at 853. The court held the plaintiffs lacked standing to sue because the plaintiffs, including two nearby historic neighborhood associations and a non-profit organization, were not specially damaged nor were they adjacent or neighboring property owners. *Id.* at 78-79, 753 S.E.2d at 852. The court, interpreting S.C. Code Ann. § 6-29-950, thus enunciated a two-part test to determine standing in the context of claims based on alleged zoning violations. *Id.* at 79, 753 S.E.2d at 852. First, a plaintiff must be "specially damaged" and second, a plaintiff must be "an adjacent or neighboring property owner." *Id.* A plaintiff is "specially damaged" when it has suffered a particularized injury distinct from that suffered by the public generally. *Id.* A particularized harm occurs when the allegations "affect the [p]laintiff in a personal and individual way." Id. at 75, 753 S.E.2d at 850.

The trial court found the facts in this case were similar to *Carnival*. It then found Appellants failed both parts of the two-part standing test set forth in *Carnival*. First, Appellants were not "specially damaged" because the damages alleged in their complaint were not particular to Appellants, and there was no evidence Appellants suffered damages separate and apart from the public. The court stated, "No facts have been produced by [Appellants] to support the contention that they have been damaged differently from any other short-term rental businesses, including hotels and bed & breakfasts, or property owners in general, that may be affected by the alleged conduct of [Respondents]." In fact, the court found there was no evidence in the record of any damages at all. Bob Holt, the Trustee of Global Real Property Trust and the Chairman of each of the Appellants, testified he had not yet hired an expert to determine the damages and he did not know how an expert would determine damages. Further, Holt had not had any recent appraisals done of Appellants' properties. The court stated, "At the time [Appellants] filed suit, during the last three years, and currently, [Appellants] cannot ascertain their damages other than [Holt]'s belief that it is 'reasonable' to

assume [Respondents'] actions have caused [Appellants'] damages."  Thus, the court held "Holt's conjecture [was] insufficient as a matter of law to establish damages," and "[t]here [was] simply no evidence in the record of any nexus between [Appellants'] allegations of damages and any act on the part of any named [Respondent]."  The court concluded, "A [c]ourt cannot possibly provide complete relief to these parties if [Respondents] would be subject to suits for damages by neighboring property owners, bed and breakfast[] businesses, other short term rental businesses or hotels even after the termination of the present litigation.  Therefore, the damages alleged to have been suffered by [Appellants] (assuming arguendo they could ever be proven with any specificity) are not particular to [Appellants] and are not separate and apart from generalized damages that affect the community at large so [Appellants] have no standing."

Second, the trial court found none of the Appellants were "adjacent or neighboring property owners," and Appellants admitted they are not adjacent property owners to Respondents.  The court noted Appellants contended they were "neighboring properties," but found this argument failed as a matter of law.  Appellants did not allege in their amended complaint that any of their short-term rental property was "neighboring" to any of Respondents' properties.  Holt testified in his deposition that everyone who lives on the peninsula of Charleston are neighbors, and he had no idea if any of Respondents' properties were located within 100 yards of any of Appellants' properties.  The court noted the term "neighboring property" is not defined in the City's Zoning Ordinance.  However, Ordinance § 54-904 states, "It is the intent of this Chapter that all questions arising in connection with the enforcement or interpretation of this Chapter, except as otherwise expressly provided, shall be presented to the Board of Zoning Appeals . . . ."  The court stated Holt testified in his deposition he did not appeal to the City Board of Zoning Appeals.  Therefore, the court found Holt's personal belief as to what the term "neighboring property" means was irrelevant, and there was no evidence in the record that any of Appellants' properties were a neighboring property to any of Respondents' properties.

Additionally, the trial court found the public importance exception to standing did not apply in this case to grant Appellants standing.  "For a court to relax general standing rules, the matter of importance must, in the context of the case, be inextricably connected to the public need for court resolution for future guidance." *ATC S., Inc. v. Charleston Cnty.*, 380 S.C. 191, 199, 669 S.E.2d 337, 341 (2008). "The key to the public importance analysis is whether a resolution is needed for future guidance." *Id.*  "It is this concept of 'future guidance' that gives meaning to an issue which transcends a purely private matter and rises to the level of public

importance." *Id.* Holt testified this case was a matter of public importance because "the wholesale ignoring of the zoning ordinances is not good for society." The trial court stated there was nothing of public importance about Appellants' contention that they were damaged by illegal short-term renters unfairly competing with them. Further, the court found Appellants did not allege and offered no evidence indicating the court's decision regarding the City's failure to enforce its short-term rental ordinance was a matter that must be decided to provide future guidance to the court.

Finally, the trial court found Appellants had not exhausted their administrative remedies because they had not appealed any decision of the Zoning Administrator to the Board of Zoning Appeals. Ordinance § 54-904 requires a person aggrieved to seek enforcement of a zoning ordinance first through the Zoning Administrator, with an appeal to the Board of Zoning Appeals and then to Circuit Court. Appellants asserted they were relying on § 54-905, which permits persons damaged by another person's use of their property to seek injunctive relief. However, the trial court found Appellants could not rely on § 54-905 to address enforcement of a zoning violation because enforcement of the zoning ordinance is governed by § 54-904, not § 54-905. Appellants admitted they were asking the court to enforce the short-term rental ordinance because the City was not enforcing it. Thus, the court held Appellants "cannot circumvent the exhaustion of administrative remedies requirement by seeking to challenge the enforcement of a zoning ordinance under [§] 54-905 rather than [§] 54-904[,] which is the ordinance that addresses enforcement." Furthermore, the court found even if § 54-905 could be used by Appellants to challenge the enforcement of the short-term rental ordinance, the only relief afforded to them by this section is injunctive relief and a necessary element of injunctive relief is irreparable harm. Holt testified in his deposition that he was not sure if any irreparable injury was suffered by Appellants, and he also asserted Appellants were entitled to monetary damages. Because Appellants admitted they were not sure if they had irreparable damages and they were seeking monetary damages, the court found they were not entitled to injunctive relief and could not prevail under § 54-905.

We find Appellants failed to present evidence of their damages. Holt was deposed and testified he was the person most knowledgeable about the allegations in the lawsuit. Appellants assert Holt's testimony about the value of Appellants' properties and the diminution in their value was admissible because he is the chairman of each of the Appellants. In his deposition, Holt stated, "We know what has occurred at our property and we have an idea of what has occurred at [Respondents'] properties, but we do not know as a matter of certainty. And that is

absolutely necessary for us in order to calculate and determine our damages." Holt testified, "[I]t is my hope that the expert that we hire appraises the property as is today and then says, [h]ere is what the property would be worth if there were not all these illegals, if [Respondents] were not doing what [Respondents] were doing. That is my hope." He testified the only property owners in the City that were damaging Appellants were the illegal short-term renters, not the legal short-term renters. Appellants' attorney asked Holt, "Sitting here today, you cannot give me a number as to the diminution of the value of any of [Appellants'] property due to the alleged actions of [Respondents], correct?" Holt responded, "The number is greater than zero and I do not know the precise number greater than zero." Appellants' attorney then asked Holt, "And you also cannot give me the lost profits that [Appellants] have suffered?" Holt answered, "The lost profits would be — would closely approximate whatever that number is above zero that I cannot give you definitively. So that is correct."

However, Holt stated in an affidavit submitted a month after his deposition that in his personal opinion, the total diminution in value of all the Appellants' properties was $2,200,000 as a result of illegal competition by Respondents. The trial court stated it did not rely on Holt's affidavit because he was not identified as an expert witness, it failed to indicate any nexus between Respondents' actions and Appellants' damages, failed to state any evidence that Respondents' actions were the proximate cause of any of Appellants' damages, and failed to offer evidence that any damage Appellants contend they suffered was caused by any specific Respondent.

"No peculiar ability or specialized training is required to enable a witness to testify as to his opinion of the value of property with which he is acquainted." *S.C. State Highway Dep't v. Hines*, 234 S.C. 254, 259, 107 S.E.2d 643, 645 (1959). The "[d]ecision as to his competency in such a matter rests largely in the discretion of the trial judge, the extent of his experience going not so much to his competency as to the weight of his testimony." *Id.* "For people other than the owner of real property to give their opinion as to the value of real property, it must be shown they are competent." *Oaks at Rivers Edge Prop. Owners Ass'n v. Daniel Island Riverside Devs., LLC*, 420 S.C. 424, 448, 803 S.E.2d 475, 488 (Ct. App. 2017). "[T]he source of his knowledge must be revealed to remove his opinion from the realm of mere conjecture. A bare declaration of his knowledge of the value of the property is insufficient." *Rogers v. Rogers*, 280 S.C. 205, 209, 311 S.E.2d 743, 746 (Ct. App. 1984). "The fact finder must determine the weight to be accorded the testimony of the witnesses, and accept or reject their valuations." *Dixon v. Besco Eng'g, Inc.*, 320 S.C. 174, 181, 463 S.E.2d 636, 640 (Ct. App. 1995).

Viewing the evidence in the light most favorable to Appellants, we find Appellants failed to present evidence of their damages.  Although Holt may testify to the value of property, he provided no explanation for how he determined what the approximate value of the property would be if there was no illegal competition.  Therefore, the trial court did not err in granting Respondents' motion for summary judgment on Appellants' claim under Ordinance § 54-905.

## II.    SCUTPA

Appellants argue the trial court erred in granting Respondents' motion for summary judgment on Appellants' claim for violation of the SCUTPA.  We disagree.

"An action for damages may be brought under SCUTPA for 'unfair methods of competition and unfair or deceptive acts or practices' in the conduct of trade or commerce."  *Camp v. Springs Mortg. Corp.*, 310 S.C. 514, 517, 426 S.E.2d 304, 306 (1993) (quoting S.C. Code Ann. § 39-5-20(a) (1985)).  "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20 may bring an action individually, but not in a representative capacity, to recover actual damages."  S.C. Code Ann. § 39-5-140(a) (1985).

The trial court found Holt testified there was no sum certain amount of money owed to Appellants as damages for their claim under the SCUTPA.  Holt testified none of the Appellants' properties have decreased in value because they are all located in downtown Charleston.  The trial court also found Appellants produced no evidence that any of the Respondents' actions were the proximate cause of any damage to any of the Appellants.

Viewing the evidence in the light most favorable to Appellants, we find Appellants failed to present evidence of their damages.  Therefore, the trial court did not err in granting Respondents' motion for summary judgment on Appellants' claim for violation of the SCUTPA.

## III.    Nuisance Claim

Appellants argue the trial court erred in granting Respondents' motion for summary judgment on Appellants' private nuisance claim.  We disagree.

"A private nuisance is anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another.  It produces damage to but one or two persons, and cannot be said to be public."[3]  *Deason v. Southern Ry. Co.*, 142 S.C. 328, 334, 140 S.E. 575, 577 (1927); *see also Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 138, 747 S.E.2d 468, 473 (2013) (stating a nuisance is a real injury to a man's lands and tenements and a private nuisance is anything done to the hurt or annoyance of the lands, tenements, or hereditaments of another); *Blanks v. Rawson*, 296 S.C. 110, 113, 370 S.E.2d 890, 892 (Ct. App. 1988) ("A nuisance has been defined as 'anything which works hurt, inconvenience, or damages; anything which essentially interferes with the enjoyment of life or property.'" (quoting *Strong v. Winn-Dixie Stores*, 240 S.C. 244, 253, 125 S.E.2d 628, 632 (1962))). "Generally, a private nuisance is that class of wrongs that arises from the unreasonable, unwarrantable, or unlawful use by a person of his own property, personal or real." *O'Cain v. O'Cain*, 322 S.C. 551, 561, 473 S.E.2d 460, 466 (Ct. App. 1996).

"[A] use of property which does not create a nuisance cannot be enjoined or a lawful structure abated merely because it renders neighboring property less valuable." *Winget v. Winn-Dixie Stores, Inc.*, 242 S.C. 152, 164, 130 S.E.2d 363, 369 (1963) (citation omitted).  "If there is no public or private nuisance created in the use of property, no recovery of damages can be allowed for the diminution in value of the property by reason of the lawful use of such property made by a near-by owner." *Id.*; *see also Strong*, 240 S.C. at 257, 125 S.E.2d at 634 ("The trial court found that the value of the plaintiffs' property for residential purposes will be depreciated.  Such findings, standing alone, and not supported by other findings showing that the defendant is maintaining, or is about to maintain, a nuisance, will not support the judgment.  In many instances in populous neighborhoods the property of one person is depreciated by the near proximity of the property of another.  Such burdens are ordinary incidents to residence and ownership in a city." (quoting *Dean v. Powell Undertaking Co.*, 203 P. 1015, 1018 (Cal. Dist. Ct. App. 1921))).

The trial court found Holt testified at his deposition that Appellants' ability to make money is the enjoyment of their property, and the Respondents' rentals which affected their income is the damage they suffered under their nuisance cause of action.  The court found there was no evidence in the record to support any nexus

---

[3]  According to Black's Law Dictionary, a tenement is "a house or other building used as a residence" and a hereditament is "real property; land." *Black's Law Dictionary* (7th ed. 1999).

between Respondents' actions and Appellants' argument that their land would be worth more today were it not for Respondents' actions. Thus, the court found Appellants' private nuisance claim failed.

Viewing the evidence in the light most favorable to Appellants, we find Appellants failed to present evidence of their damages. Appellants claimed their properties were worth less money because of the Respondents' short-term rentals; however, Appellants presented no evidence to support their argument. Therefore, the trial court did not err in granting Respondents' motion for summary judgment on Appellants' claim for a private nuisance.

## IV.    Video-Taped Depositions

Appellants argue they are entitled to the video-taped depositions of Respondents. We decline to address this issue.

Appellants filed a motion to compel video-taped depositions of Respondents. After a hearing, the trial court granted summary judgment to Respondents, on all causes of action, without ruling on Appellants' motions to compel discovery responses and to compel the video-taped depositions of Respondents. The trial court denied Appellants' motion for reconsideration without a hearing. Appellants state the trial court held in abeyance Appellants' motion to compel discovery responses from Respondents. That motion has not been ruled upon by the trial court.

Appellants request this court, in the interest of judicial economy, rule they are entitled to take video-taped depositions of Respondents because if this court reverses the trial court's order, this video-tape deposition issue will arise again. Because we affirm the trial court's grant of Respondents' motion for summary judgment, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

## CONCLUSION

Accordingly, the decision of the trial court is

## AFFIRMED.

**WILLIAMS and HILL, JJ., concur.**